**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-00606-RMR-TPO**

**CESCA DIXON,**

**Plaintiff,**

**v.**

**THE BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER,**

**Defendant.**

---

**OBJECTION TO DKT. 161; RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

---

To the Honorable Judge Rodriguez, Plaintiff, Cesca Dixon, respectfully submits the following objections to the Recommendations for Summary Judgement filed on 02/24/2025 by Honorable Magistrate Judge Timothy P. O'Hara.

Magistrate Judge O'Hara recommends that Defendant's Motion for Summary Judgment [ECF [143]] be GRANTED in full and that summary judgment be entered in Defendant's favor on all of Plaintiff's ADA and Act claims. Plaintiff's Motion for Summary Judgment [ECF [135] be DENIED. Plaintiff respectfully requests this decision be reconsidered based on the following objections:

**The Recommendations state that Chevron Deference is to be applied in support of Defense, however, plaintiff brings forth the following:**

- Chevron Deference is applied incorrectly. On June 28, 2024, the Supreme Court overturned Chevron Deference. Deference allowed courts to defer to the "expertise" of administrations when the law was ambiguous in the cases of administrations. Applying deference in this case in favor of defendants is erroneous. Chevron was overturned and the laws in this case are not ambiguous.
  https://www.law.cornell.edu/wex/chevron_deference#:~:text=Chevron%20U.S.A.%2C%

20Inc.%20v.%20Natural%20Resources%20Defense%20Council%2C%20Inc%20.%20%2C%20468%20U.S.%20837%20(1984).

**Misconstrued Material Facts:**

- The Courts Recommendations state that Plaintiff "did not engage in a deliberative process with her mental healthcare providers, her professors, or the access center to explore different ways to accommodate her impairment." However, Plaintiff points to the following evidence on record that contradicts this statement in its entirety. Clarification on the exact accommodation request, attending classes remotely, was made numerous times after Plaintiff's first email: "I also wanted to clarify what I am asking because it seems like people are assuming I want them to change their entire class to being online, which is bizarre. If I can join a session with my professors and just simply be propped up in the class that would be greatly appreciated." **[DKT. 1, Attachment 3; line 28];** Plaintiff's mother also stated during a meeting with the access center: "She's not asking that a class that is set already as in-class, to be changed to online…What she's asking for is if the professor or somebody can record the class and just email it to her, or just get the transcript of the class and not be nicked for not being present, physically present, because part of her disability is social anxiety." **[DKT:134; Pg. 2, 00:01:04 00:01:54]**

- Further, The ADA requires the following, "If a requested accommodation or adjustment is not reasonable, staff should work with the student to find alternatives that are reasonable and feasible. Common academic adjustments include extended time for exams, taking exams in quiet locations, or taking tests in alternative formats (such as substituting multiple choice exams for written exams, or vice versa). In other cases, it may be reasonable to substitute specific courses required for the completion of degree requirements or modify the manner in which specific courses are conducted." **https://adata.org/factsheet/postsecondary**

- Plaintiff argues that non-engagement in a Deliberative Process falls on the Defendants, not Plaintiff.

- Regarding the reasonability of the accommodation requested, the recommendations state "It (Plaintiff's accommodation request), would fundamentally change those course offerings, in terms of the programs overreaching goals, how the professors had planned to teach them, and plaintiff's own educational experience. Defendant states a legitimate, lawful, and non-discriminatory reason why they denied plaintiff's request."

- Plaintiff, submits that it is not "reasonable" for Defendants to deem Plaintiff's accommodation request of remote learning unreasonable after proving themselves that they have a plethora of technology and know-how in terms of providing hybrid, synchronous, and asynchronous Math classes during and after Covid; and they continue to do so today. The least of Plaintiff's request would be to put a computer in the

classroom, and open a Teams or ZOOM session, so that communication, student interaction, group sessions, and whiteboard activities can be facilitated in a hybrid format. Further, **28 CFR 35.108(d)(1)(ii)** "The primary object of attention in cases brought under title II of the ADA should be whether public entities have complied with their obligations and whether discrimination has occurred, not the extent to which an individual's impairment substantially limits a major life activity. Accordingly, the threshold issue of whether an impairment substantially limits a major life activity should not demand extensive analysis."

- Recommendations also offer that the "…Defendant states a legitimate, lawful, and non-discriminatory reason why they denied plaintiff's request." Plaintiff puts forth the following to support her Objection. MSU Denver professors have access to The CTLD, Center for Teaching, Learning and Design (CTLD) https://www.msudenver.edu/teaching-learning-design/instructional-design/ which provides guided assistance in course development, media services, course design, and virtual support services (help using computer software), online test proctoring via Campus Operations called Canvas Spotlight is also available. These offerings make the statement, "We also do not have technology in any of our classrooms to record lectures or offer a class in a hybrid or hyflex format" (stated in Denial Letter received by plaintiff) not true.

- The statute **28 CFR 35.130 (b)(1)(iii)** affirms that "A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability—Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others", the aforementioned statute disqualifies MSU's standing for denying Plaintiff's request. Plaintiff submits that a jury would find her request plausible and reasonable.

**Inadequate Evidence Review:**

- Plaintiff asks that Melissa Cermak's declaration be excluded from this case. The declaration was entered into the record after all Motions and responses to charts for Summary Judgement were filed. Defendants filed their final chart and brief on August 22, 2024. Cermak's declaration was filed on September 18, 2024. Defendants did not file a motion for reconsideration to have the declaration entered into the record later.

**Failure to address material issues. Key evidence was ignored and/or not adequately addressed:**

- Plaintiff's current provider stated the following regarding plaintiff's diagnosis of Autism "Cesca has been diagnosed with autism spectrum disorder (ASD). Autism is a neurodevelopmental condition that affects individuals in various ways, particularly in social communication and interaction, restricted and repetitive behaviors, and sensory sensitivity and challenges. While every individual with autism is unique, Cesca may

display behaviors or have specific needs that require understanding and support from school staff. These may include challenges with social interactions, sensory sensitivities, difficulties with transitions, or a preference for routines. As a result, she might benefit from virtual classes at school. It is important to recognize that these behaviors are not indicative of a lack of capability; rather, they reflect the way autism impacts Cesca's experience of the world." **[DKT: 120, Pg. 1].** Further**, 28 CFR 35.108(e)(2)** ***Broad construction.*** "Whether an individual has a record of an impairment that substantially limited a major life activity shall be construed broadly to the maximum extent permitted by the ADA and should not demand extensive analysis. An individual will be considered to fall within this prong of the definition of "disability" if the individual has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population or was misclassified as having had such an impairment. In determining whether an impairment substantially limited a major life activity, the principles articulated in paragraph (d)(1) of this section apply."
This key piece of evidence regarding plaintiff's limitations in the classroom environment is not at all mentioned in the Recommendations of the court.

- **28 CFR 35.108(d)(2)(iii)(E)** "Autism substantially limits brain function."

- Further evidence that was not considered is Dr. Mckenna's assertion that accommodating Plaintiff with remote learning would require creating another section of the class, as well as new testing materials. Mckenna fails to admit all MSU Denver professors are availed with expert assistance via the Center for Teaching, Learning and Design (CTLD) at MSU Denver. The CTLD provides guided assistance in course development, media services, course design, and virtual support services (help using computer software). Where test proctoring is concerned, MSU Denver has employed online test proctoring via Campus Operations called Canvas Spotlight since 2022. https://early-bird.msudenver.edu/canvas-spotlight-proctor-online-exams-with-proctoru/

- Dr. Mckenna is also pictured using virtual whiteboard via zoom/ OneNote in **Exhibit 2 of DKT. 153.** This evidence is not mentioned in the recommendations of the court. These program/s featured also allow for real time assignment grading and review, as well as group breakout-rooms. Mckenna, along with Dr. Ribble, and Dr. Harder, state that their online format requires them to move from one breakout-room to another and that students would miss out on peer review. However, as Plaintiff has experienced in Mckenna's own class, and what is easily demonstratable in Zoom, is that students always come back to same room together after breakout and discuss their findings with one another and with the Professor.

- Dr. Mckenna and Dr. Harder admit to communicating with Rasheed on the day Rasheed sent denial letter to plaintiff. Mckenna fails to admit that she responded after 11 P.M. which was after the denial letter was sent to Ms. Dixon. Dr. Harder responded to Rasheed on January 5, 2023. Rasheed never considered their input because he didn't see it until

after the denial letter was sent. **[DKT:50; Attachment 1; Pg. 2; Line 21], [DKT: 50; Attachment 1; Pg. 3; Line 5]**

- A flash drive entered into the docket **[DKT. 15**2] is another piece of evidence not addressed in the recommendations of the court. This video depicts Dr. Shelly Poole teaching MTH 3420 (Differential Equations) espousing the efficacious qualities of learning and teaching math online. Please see video **[DKT.152; Differential Equations Introduction Video; 02:24 – 02-46; 06: 42 – 07:20; 08:23 – 08:36; 11: 55 – 13:05]** "So, it's going to be like it was during the pandemic... the good news is that you'll have a recording of what we do every class…which, to me, was an extremely valuable piece of this…" , "…the reason I am choosing Webwork is because it's free, and there's some things I really like about it, especially for these Upper-Division Classes.", etc.

**Legal Standards Not Applied:**

- Pursuant to **28 C.F.R. § 35.130** "A public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." Here, Plaintiff states MSU's Access Center offers attendance modification, note takers, transcripts, brail transcripts, quiet rooms, and CCTV. **[DKT: 30, Attachment 7, pg. 1, Line 17-29]** The MSU website states that Degrees and programs are offered in in-person, online, and hybrid formats, and available formats are listed on each major program page. MSU Denver students have complete flexibility to choose the course formats they prefer and can mix and match formats regardless of the program they are pursuing," [DKT: 30, Attachment 6, pg. 1, Line 6-8] From 2020-2021 Upper Division Math courses were available online for MSU students. Plaintiff was registered for an Online Upper Division Math Course MTH 3420 in Spring of 2021. [DKT: 1, Attachment 5, pg. 1]" thus, providing further evidence of Defendants denial of Meaningful Access to MSU's Programs and Services was intentional discrimination by deliberate indifference as well as a failure to provide a reasonable accommodation.

- Pursuant to **42 U.S.C. § 12132** "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." On this point, Plaintiff has proven Defendants discrimination against her based on her disability. On December 19, 2022, Dr. Ribble contacted Cesca Dixon, Plaintiff, via email. Ribble stated "Ultimately, if you need to take all of your classes remotely, our program may not be the program for you." **[DKT: 1, Attachment 4, Line 7]**. On December 19, 2022, Plaintiff responded to Dr. Ribble stating among other things, that her remarks 'hurt her feelings'. **[DKT: 1, Attachment 11, Line 2-3].**"

- Claim 1A alleges Defendants Discriminated against Plaintiff via **Deliberate Indifference [42 U.S.C. 12132].** A claim for Deliberate indifference requires "…both knowledge that

a harm 7 Case No. 1:23-cv-00606-RMR-TPO Document 135 filed 07/25/24 USDC Colorado pg 8 of 10 to a federally protected right is substantially likely, and a failure to act upon that the likelihood**. City of Canton v. Harris,489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1988); see also id. at 395, 109 S.Ct. 1197** (O'Connor, J., concurring) (deliberate indifference requires both "some form of notice . . . and the opportunity to conform to [statutory dictates"). **Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001).**

- Plaintiff is a qualified person with a disability, which the recommendations do contend: **28 CFR 35.108(a)(1)(i)(ii)(iii)** "Disability means, with respect to an individual: (i)A physical or mental impairment that substantially limits one or more of the major life activities of such individual; (ii) A record of such an impairment." However, this was not expounded upon in plaintiff's favor nor were the Federal statutes below mentioned in the recommendations of this court.

- **28 CFR 35.108(d)(2)(iii)(E)** "Autism substantially limits brain function."

- **28 CFR 35.108(d)(3)(iv)** "Given the rules of construction set forth in this section, it may often be unnecessary to conduct an analysis involving most or all of the facts related to condition, manner, or duration. This is particularly true with respect to impairments such as those described in paragraph (d)(2)(iii) of this section, which by their inherent nature should be easily found to impose a substantial limitation on a major life activity, and for which the individualized assessment should be particularly simple and straightforward."

WHEREFORE, Plaintiff respectfully requests that the court reconsider Order DKT. 161; RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, and enter an order granting Plaintiffs Motion for Summary Judgement in it's place.

Dated:3/10/ 2025

Respectfully submitted,

______________________________

(Signature of party)

Print Name: Cesca Dixon
Address: 1165 S. Broadway, Apt. #215, Denver CO, 80210
Telephone Number: 720-357-1960
Email Address: cescadixon80203@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on [**3/10/2025**]

I sent a copy of the **OBJECTION TO DKT. 161; RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** to the following parties in the way described below

Party Name:, Angela Zippin, Paige O'Shea Olson, Jennifer Davis-Weiser
How Served: Email
Party Attorney's Name: Angela Zippin, Paige O'Shea Olson,
Address: 1300 Broadway, 6th Floor Denver, CO 80203
Telephone Number: (720) 508-6124; -6395
Email Address: angela.zippin@coag.gov, paige.olson@coag.gov, jennifer.davis-weiser@coag.gov,

(Signature of person completing service)
Print Name: Cesca Dixon
Address: 1165 S. Broadway, Apt 215, Denver CO, 80210
Telephone Number: 720-357-1960
Email Address: cescadixon80203@gmail.com