**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 23-cv-00606-RMR-TPO

CESCA DIXON,

Plaintiff,

v.

THE BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER COLORADO,

Defendant.

---

**ORDER**

---

Two matters are before the Court. First, is Plaintiff's Motion for Disqualification, seeking to disqualify Magistrate Judge O'Hara from this matter. ECF No. 163. The second matter is the Recommendation of the United States Magistrate Judge, entered on February 24, 2025 (ECF No. 161), addressing the parties' respective Motions for Summary Judgment, ECF Nos. 135, 143. Magistrate Judge Timothy P. O'Hara recommends that Defendant's Motion for Summary Judgment, ECF No. 143, be granted in full and Plaintiff's Motion for Summary Judgment, ECF No. 135 be denied. Plaintiff filed an Objection to the Recommendation. ECF No. 162. The Court will address Plaintiff's motion to disqualify Magistrate Judge O'Hara first and then her Objection.

## I. BACKGROUND

Plaintiff is a student at Metropolitan State University ("MSU" or "Defendant") pursuing a degree in Applied Mathematics. She has a disability–Autism Spectrum Disorder ("ASD") and social anxiety. To accommodate that disability, she asked to remote into her upper-level mathematics classes or take them online. Defendant, a public university, denied her request because the request was not reasonable and would fundamentally alter the course objectives. Plaintiff filed this lawsuit, alleging discrimination (deliberate indifference) and failure to accommodate under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA"). The parties do not object to the factual or procedural background set forth in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

## II. PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE O'HARA

Plaintiff moved to disqualify Magistrate Judge O'Hara from this matter. ECF No. 163. Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Under § 455, the court is not required to accept all factual allegations as true, "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The standard is completely objective,

and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Plaintiff filed her motion requesting Magistrate Judge O'Hara's disqualification after he issued his Recommendation in which he recommended summary judgment be granted. "Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). The only reason Plaintiff provides in support of disqualification is an allegation that Judge O'Hara "is currently a Professor of Law at the University of Colorado. CU is the sister University of Metropolitan State University of Denver. Specifically, MSU Denver and CU Boulder are connected **through the University of Colorado system**." ECF No. 163 at 1 (emphasis in the original). She claims evidence that CU Boulder and MSU are connected, "creates a potential for bias and/or the appearance of bias/ impartiality which qualifies for consideration of disqualification of the presiding Magistrate Judge in this proceeding." *Id.* Even assuming there is a connection between CU Boulder and MSU and that Magistrate Judge O'Hara is a professor of law at CU Boulder, the Court is convinced that no reasonable person knowing all the relevant facts without more evidence would doubt Magistrate Judge O'Hara's impartiality in the proceedings. Therefore, Plaintiff's Motion for Disqualification, ECF No. 163, is **DENIED.**

## III. PLAINTIFF'S OBJECTION

Plaintiff, proceeding pro se, timely filed an Objection to the Recommendation. ECF No. 162. This Court has reviewed and considered de novo the Recommendation, the Objection, and the record relied upon by Magistrate Judge O'Hara. For the reasons stated

below, the Court **OVERRULES** the Objection filed by Plaintiff; **ACCEPTS and ADOPTS** the Recommendation; **GRANTS** Defendant's Motion for Summary Judgment; and **DENIES** Plaintiff's Motion for Summary Judgment.

### A. Legal Standard

#### 1. Review of a Magistrate Judge's Recommendation

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

#### 2. Review of a Pro Se Litigant's Filings

Where a party proceeds pro se, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow

the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority,'" "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### 3. Motion for Summary Judgment

The Magistrate Judge correctly set forth the standard to be used in evaluating a Motion for Summary Judgment. That is, the Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the initial responsibility of providing the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant properly supports a motion for summary judgment, the nonmoving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. The opposing party must do more than make a conclusory denial of an asserted material fact. Instead,

it must explain the denial with an accompanying specific reference to the evidentiary record. *American Auto. Ins. Co. v. Marlow*, 666 F. Supp. 2d 1209, 1212 (D. Colo. 2009).

"[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

**B. Analysis**

Plaintiff groups her objections into five categories: 1) the Court's use of deference; 2) misconstrued material facts; 3) inadequate evidence review; 4) failure to address material issues; and 5) legal standards not applied. ECF No. 162. The Court addresses each in turn below.

**1. Deference**

In determining whether Plaintiff's requested accommodation "would fundamentally alter the nature of the service, program, or activity," 28 C.F.R. § 35.130(b)(7), Magistrate Judge O'Hara found that Defendant's "reasoned and sound" explanation for why the requested accommodation is unreasonable was entitled to deference. ECF No. 161 at 37. (citing *Wynne v. Tufts Univ. Sch. of Med.*, 932 F.2d 19, 26 (1st Cir. 1991)). The Tenth Circuit, along with other Circuits, recognizes that "[i]n academic matters, [the Court] often defer[s] in substantial part to the professional judgment of educational institutions."

*McCulley v. Univ. of Kansas Sch. of Med.*, 591 F. App'x 648, 651 (10th Cir. 2014); *see also Gati v. W. Kentucky Univ.*, 762 F. App'x 246, 251 (6th Cir. 2019) ("Right or wrong, we must credit the university's academic decision with the widest range of deference."); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 191 (2d Cir. 2015) ("declin[ing] to extend the deference [] ordinarily accord[ed] to the professional, academic judgments of educational institutions"). The reason is that "the federal judiciary is ill equipped to evaluate the proper emphasis and content of a school's curriculum and should afford a university's judgment and discretion great respect." *Gati*, 762 F. App'x at 250-51 (citation and quotation omitted).

Magistrate Judge O'Hara noted that while it is physically possible to teach upper-level math classes remotely because Defendant did so during the COVID-19 pandemic, he deferred to Defendant as to why doing so now would require a fundamental alteration to the academic caliber of Defendant's offerings. ECF No. 161 at 37. Defendant returned to in-class instruction for its upper-level math classes post-COVID-19 to increase the quality of instruction and to ensure academic integrity. *Id.* Rather than present evidence that counters Defendant's argument that in-person instruction increases the quality of instruction or ensures academic integrity, Plaintiff argues that "[a]pplying deference in this case in favor of defendants is erroneous." ECF No. 162 at 1.

Plaintiff points to the Supreme Court's decision in June 2024, overruling the longstanding precedent in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). *Chevron* concerned deference by courts to an agency's permissible construction

of an ambiguous statute. In *Loper Bright*, the Court held that "courts must exercise independent judgment in determining the meaning of statutory provisions," though they may "seek aid from the interpretations of those responsible for implementing particular statutes." 144 S. Ct. at 2262. Plaintiff does not explain how *Loper Bright* affects the Magistrate Judge's analysis. This Court concludes that it does not affect the analysis here because this case does not involve any disputed statutory construction. Plaintiff does not point to any case law post-*Loper Bright* that indicates academic institutions are not afforded deference as to whether an accommodation would "fundamentally alter a school's educational offerings." *Gati*, 762 F. App'x at 250. Reviewing this issue de novo, the Court agrees that Defendant, as an academic institution, is entitled to deference as to why the requested accommodation would fundamentally alter its math degree program.

**2. Misconstrued Material Facts**

Magistrate Judge O'Hara found that Plaintiff "did not engage in a deliberative process with her mental health care providers, her professors, or the Access Center to explore different ways to accommodate her impairment." ECF No. 161 at 29-30. Plaintiff argues that the "non-engagement in a Deliberative Process falls on the Defendant[] not Plaintiff." ECF No. 162 at 2. She points to evidence where she clarified that she was not asking that the entire class be moved to an online format, but that she be allowed to attend remotely. *Id.* Plaintiff is focused on remote attendance. Alternate accommodations, such as a separate room or more time to take a proctored in-person test, receiving advance copies of presentations, or notes from a notetaker were not discussed. Plaintiff argues her accommodation request was reasonable because it was physically possible.

*See id.* ("[T]hey have a plethora of technology and know-how in terms of providing hybrid, synchronous, and asynchronous Math classes during and after Covid"). She also argues that Defendant's statement that they "do not have technology in any of our classrooms to record lectures or offer a class in a hybrid of hyflex format" is not true. Magistrate Judge O'Hara agreed. He did not find Defendant's reason for denying the accommodation because of the lack of technology persuasive. ECF No. 161 at 35.

As discussed above, just because it is physically possible to allow Plaintiff to attend the upper-level math classes remotely, that does not mean that the accommodation is reasonable under the law. A requested accommodation, though physically possible, may be unreasonable if the Defendant can show the requested accommodation "(a) impose[s] undue hardship on the operation of the defendant's service, program, or activity, or (b) require[s] a fundamental or substantial modification to the nature of its academic program or standards." *Dean*, 804 F.3d at 190. Magistrate Judge O'Hara recognized "[w]hile there may be the technological capability to remote-in to the classroom. . . [t]here is evidence that it would be difficult to incorporate Plaintiff's remote participation into how the professors planned to teach the subjects." ECF No. 161 at 35. He ultimately found that "Plaintiff's request still would amount to a fundamental change in how those two courses are taught and how student progress is measured." ECF No. 161 at 38. Reviewing this issue de novo, the Court agrees with the analysis outlined in the Recommendation. To accommodate Plaintiff's remote attendance, the professors would be required to interact and engage with the students attending in person along with Plaintiff at the same time. Plaintiff would be required to demonstrate engagement and mastery of the materials

during the class period in the same manner as those students attending in person. Tests would need to be rewritten for Plaintiff to take them remotely to ensure she did not have an at-home advantage with access to outside materials. All of this would create an undue hardship for the professors and fundamentally alter the math degree program as designed by Defendant.

**3. Inadequate Evidence Review**

Next, "Plaintiff asks that Melissa Cermak's declaration be excluded from this case." ECF No. 162 at 3. The Recommendation addresses the history of Dr. Cermak's declaration. ECF No. 161 at 16. Dr. Melissa Cermak ("Dr. Cermak"), is the Associate Director of MSU's Access Center, and Sherrif Rasheed's ("Rasheed") supervisor. Rasheed is an Accessibility Coordinator in MSU's Access Center. *Id*. Rasheed interacted with Plaintiff regarding her accommodation request and was the author of the denial letter. ECF No. 42-4. Rasheed states in his declaration in support of Defendant's motion that he consulted with Dr. Cermak regarding Plaintiff's request, and she agreed with the decision to deny the request. ECF No. 161 at 16. In her opposition, Plaintiff disputed as hearsay Rasheed's statement that Dr. Cermak agreed with his determination to deny Plaintiff's request. *Id.* To overcome the hearsay objection, Defendant attached a Declaration from Dr. Cermak to its Reply. *Id.*; *see* ECF No. 159-1.

Plaintiff's argument regarding Dr. Cermak's declaration appears to be that it is untimely because it was filed after the Motion for Summary Judgment and "Defendant[] did not file a motion for reconsideration to have the declaration entered into the record later." ECF No. 162 at 3. "[W]hen a moving party advances in a reply new reasons and

evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond. However, if the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply." *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164–65 (10th Cir. 1998) (citation omitted). Plaintiff did not move to strike the declaration or ask to file a surreply to address new evidence in the Reply. Defendant did not raise any new legal arguments in its Reply brief. Its main purpose was to correct an evidentiary issue raised by Plaintiff. The evidence in Dr. Cermak's declaration is not new. Plaintiff was aware of Dr. Cermak and the information she could provide before her declaration was filed. Dr. Cermak's declaration is referred to twice in the Recommendation. The first is where she agrees with Rasheed's decision and the second is where she describes Defendant's ADA Student Grievance Procedure. ECF No. 161 at 17. Having reviewed the Recommendation, the Court is convinced Magistrate Judge O'Hara did not rely on the information contained in Dr. Cermak's declaration in reaching his decision to recommend summary judgment for Defendant. The Court would reach the same result even without Dr. Cermak's declaration, as the evidence is sufficient even without her declaration to establish the denial was justified.

**4. Failure to Address Material Issues**

Plaintiff points to evidence that she claims was "ignored and/or not adequately addressed" in the Recommendation. ECF No. 162 at 3. First, Plaintiff argues that a letter from her current provider stating "[Plaintiff] might benefit from virtual classes at school" was not considered. ECF No. 162 at 4 (citing ECF No. 120). Magistrate Judge O'Hara

referred to this letter in the Recommendation. ECF No. 161 at 19. The letter is dated May 1, 2024, over a year after this lawsuit was filed on March 8, 2023. ECF No. 1, 120-2. Defendant denied Plaintiff's accommodation on January 4, 2023. ECF No. 42-4. The denial letter states, "[o]ur office is willing to review and consider changing our determination on receiving any additional supporting documentation." *Id.* There is no evidence that Defendant received the May 1, 2024 letter from Plaintiff's provider, except when it was filed as part of the litigation on June 12, 2024. ECF No. 120-2. The only supporting documentation the Access Center had to consider was a diagnostic evaluation report, diagnosing Plaintiff with ASD, and a letter from a psychiatric mental health nurse practitioner stating "[s]pecific accommodations may be requested by [Plaintiff] in order to promote a positive learning environment." ECF No. 161 at 8, 13. Magistrate Judge O'Hara found "[b]y providing documentation of the diagnoses only—without an accompanying doctor's explanation of how the mental health condition impacts her ability to be in a classroom either for instruction or testing—Plaintiff left the situation ambiguous and failed to provide adequate support for the suggested accommodation." *Id.* at 25. The Court will not consider new evidence that was not available or considered when the determination was made to deny the accommodation. *Adams v. Denver Health & Hosp. Auth.*, No. 14-CV-02627-MSK-KLM, 2016 WL 1247732, at *6 (D. Colo. Mar. 30, 2016) ("[T[he Court must examine the facts as they existed to the decision-makers."); *see also* *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 381 (10th Cir. 1992) ("If a plan participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence.")

Second, Plaintiff points to technology capabilities that were not considered, such as technology resources accessible to MSU professors through the MSU's Center for Teaching, Learning and Design; the use of a virtual whiteboard during a 2021 class; and a video of differential equations online in 2021. ECF No. 162 at 3-5. Magistrate Judge O'Hara did consider this evidence. ECF No. 161 at 3 ("Plaintiff submits evidence that Defendant offered Differential Equations as an online class in Fall 2021, as well. ECF 152 (which is a flash drive of the class video)."). This goes back to the discussion in *supra* Section III.B.2. An accommodation is not reasonable just because it is technically possible.

Third, Plaintiff argues that Magistrate Judge O'Hara did not consider the inconsistencies between the dates and times the denial letter was sent on January 4, 2023, and when the professors responded to Rasheed's email requesting input. Plaintiff argues that this proves Rasheed never considered the professors' inputs before denying her accommodation. This does not change the Court's analysis. There is evidence Rasheed coordinated with Dr. Elizabeth Ribble ("Dr. Ribble") who was the chairperson of MSU's Mathematics and Statistics Department regarding Plaintiff's requested accommodation twice before denying Plaintiff's request. Dr. Ribble explained why the department returned to in-person learning after the COVID-19 pandemic, the shortcomings of remote instruction, and how remote accommodation would have substantially altered the math degree program. ECF No. 161 at 7-8. Reviewing these issues regarding evidence de novo, the Court agrees with the analysis outlined in the Recommendation.

### 5. Legal Standards Not Applied

Finally, Plaintiff argues that she has provided evidence that Defendant's denial of her accommodation was intentional discrimination on account of her disability. Plaintiff cites the ADA, 42 U.S.C. § 12132, and several Federal Regulations dealing with discrimination: 28 C.F.R. §§ 35.130 (general prohibitions against discrimination), 35.108 (definition of disability), but does not specify how these legal standards were not applied in the Recommendation. The Recommendation states Defendant does not contest that Plaintiff is a qualified individual with a disability, and "this Court assumes that Plaintiff's ASD and social anxiety meets the statutes' definition of disability." ECF No. 161 at 22. "The question is whether [Defendant] intentionally discriminated against the [Plaintiff] when it denied [her] requested accommodation." *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1229 (10th Cir. 2009).

Magistrate Judge O'Hara correctly lists the elements of a deliberate indifference to accommodate claim: "(1) plaintiff requested the accommodation, (2) it was plainly obvious that the accommodation was reasonable and necessary, and (3) it was plainly obvious at that time that granting the accommodation would not be an undue burden on defendant and would not have fundamentally altered defendant's program." ECF No. 161 at 43 (citing *A.P*. ex *rel. Peterson v. Anoka-Hennepin Indep. Sch. Dist. No. 11*, 538 F.Supp.2d 1125, 1147 (D. Minn. 2008)). Plaintiff does not contest the legal standard used, rather she cuts and pastes from her Motion for Summary Judgment, ECF No. 135, for support that she was denied access to MSU's programs and services on account of her disability. First, she claims that MSU advertises that its programs are offered in-person, online, and

hybrid and that the students have the flexibility to choose what formats they prefer. ECF No. 30-7. She chose to register for an online upper math course in the Spring of 2021. ECF No. 162 at 5. No longer offering the course online demonstrates intentional discrimination. Second, Dr. Ribble told her "if you need to take all your classes remotely, our program may not be the program for you." *Id.* Plaintiff does not further explain how this demonstrates intentional discrimination.

Plaintiff also repeats her reliance on *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). Magistrate Judge O'Hara explained why Plaintiff's situation differed from that of the plaintiff in *Duvall*. ECF No. 161 at 46. In *Duvall*, the plaintiff was deaf, so his need for accommodation was not ambiguous. In *Duvall*, the defendants did not make a "meaningful inquiry into that technology's availability," instead they assumed it was not available. *Id.* at 40, 46. Magistrate Judge O'Hara found that Rasheed did make a meaningful inquiry into the availability of accommodation. *Id.* at 46. Rasheed asked Plaintiff to provide supporting documentation of her need and coordinated with the math department about the nature of the course offerings. *Id.* This Court cannot find an instance where the Recommendation failed to apply the correct legal standard. Nor are these objections sufficiently specific "to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060.

## IV. CONCLUSION

Plaintiff failed to provide any reason under 28 U.S.C. § 455 that would warrant Magistrate Judge O'Hara's disqualification. Because Plaintiff's objections merely repeat the arguments from her briefs, which the Magistrate Judge thoroughly considered and

correctly rejected, the court overrules Plaintiff's objections and accepts the Magistrate Judge's Recommendation.

Accordingly, it is **ORDERED** as follows:

1) Plaintiff's Motion for Disqualification, ECF No. 163, is **DENIED**;
2) Plaintiff's Objection, ECF No. 162, is **OVERRULED**;
3) The Recommendation of the United States Magistrate Judge, ECF No. 161, is **ACCEPTED and ADOPTED**;
4) Defendant's Motion for Summary Judgment, ECF No. 143, is **GRANTED**;
5) Plaintiff's Motion for Summary Judgment, ECF No. 135, is **DENIED**; and
6) Summary judgment **SHALL** be entered in favor of Defendant;
7) Plaintiff's claims against Defendant **SHALL** be **DISMISSED with PREJUDICE**; and
8) This case **SHALL** be **CLOSED**.

DATED: March 19, 2025

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge