**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 23-cv-00606-RMR-TPO**

**CESCA DIXON,**

**Plaintiff,**

**v.**

**THE BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER,**

**Defendant.**

---

**Motion for Judgement as A Matter of Law Pursuant to FRPC 50 (a) (b) and Joint Request Pursuant to FRPC 59 2-3 (FRPC 59 MOTION ATTACHED)**

---

**Pursuant to FRPC 50 (a) (b) and Joint Request**

**Pursuant to FRPC 59 2-3 (FRPC 59 MOTION ATTACHED**

(a) Judgement as Matter of Law.

(b) Renewing Motion for Judgment after Trial; Alternative Motion for New Trial.

If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the courts later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion not later than 10 days after entry of

judgment and may alternatively request a new trial or joint a motion for a new trial under Rule 59.

As defendants have not provided evidence to this court through summary judgement, or otherwise, that would convince a rational jury to grant them summary judgement. Therefore, Plaintiff should be awarded Judgement as A Matter of Law on all of her claims in this case, and awarded the $700,000 she is seeking in compensatory damages.

The evidence and purported facts provided by defendants in their motion for summary judgement are insufficient to support the judgement ordered in this case. The defendants have not

disproved the claims filed in this court by Plaintiff Cesca Dixon, against MSU Board of Trustees. The defendants have failed to disprove Plaintiff's claims of Intentional Discrimination, Failure to Accommodate, and Deliberate Indifference and have also failed to prove that they acted in accordance of the laws regarding Plaintiff's efforts to complete her degree and graduate.

The defendants have provided no evidence nor facts that support their purported narrative that Plaintiff is not a qualified person with a disability. Defendants have not proven that the documentation Plaintiff provided from Dr. Willson, Plaintiff's diagnosis from Colorado Assessments and Therapy, and Dr. Rabinovich (Autism Specialist) for her accommodation was insufficient and did not address how in-classes would impact Plaintiff negatively. The defendants have failed to prove that Plaintiff's accommodation was not reasonable. Defendants have failed to prove their assertion that Plaintiff, Cesca Dixon, did not provide the information needed to obtain accommodation and participate in the interactive process. The defendants have not proven "undue burden or hardship" in accommodating Plaintiff; nor have they proven that Plaintiff's request and situation relates to employment cases on any level. The defendants have failed to provide any supportive facts, evidence, or data that would make deference applicable in this case. Defendants have not proven that Plaintiff had to exhaust administrative remedies for

resolving her dispute with MSU Denver. The defendants have failed to provide evidence to defend the denial of Plaintiff's accommodation request and not providing an alternative to provide Plaintiff fair and equal access to their math program

Facts in Plaintiff's Claims Against MSU Denver Board of Trustees

In December 2022 Plaintiff, a qualified person with a disability, Autism, that affects a major life activity (brain function) contacted the Access Center of MSU Denver requesting an accommodation to attend in-class classes remotely in any form for Spring 2023. Plaintiff's contact person was Sheriff Rasheed (no longer employed there shortly after Plaintiff filed her complaint against MSU Denver). After supplying Rasheed with her diagnosis document, Rasheed then instructed Plaintiff to consult the Chair of the Math and Computer Science department, Dr. Ribble (no longer the Chair a few months following the filing of Plaintiff's complaint against MSU Board of Trustees). In an email exchange on December 19, 2022, Dr. Ribble informed Plaintiff that if she required all of her upper division courses for her Applied Mathematics degree be on a remote learning status, that MSU's math program may not be the one for her. Ribble suggested Plaintiff speak with the two professors, Dr. Harder and Dr. McKenna, teaching the classes Plaintiff enrolled in for Spring 2023, Differential Equations and Introduction to Proofs. Plaintiff had already completed two years of her degree and was just beginning her upper division courses. After reading Dr. Ribble's comment about MSU's math program not being for her because of Plaintiff's accommodation needs, Plaintiff was hurt, frantic, pacing and panicking about her educational future. Plaintiff and her mother, on December 20, 2022, had a tele-meeting with Rasheed to discuss the email conversation with Dr. Ribble and discussed what could be done to help accommodate the Plaintiff for her upper division courses. Rasheed requested further documentation from Plaintiff provider demonstrating

how Autism impacted Plaintiff in class. On the same date, December 20, 2022, Rasheed discussed with Dr. Ribble if the Plaintiff's request was reasonable, Rasheed told Ribble in that email exchange that he was going to deny Plaintiff's request—although Rasheed had yet to receive the other documentation from Plaintiff. Rasheed received letter from Plaintiff's provider, Dr. Willson on. Willson stated that Plaintiff, due to her Autism, experiences: "Cesca experiences increased distress when exposed to some sounds, lights, and large groups of people, inhibiting her ability to focus and properly absorb information. Specific accommodations may be requested by Cesca in order to promote a positive learning environment." [DKT: 42; Attachment 2; Pg. 1, Line 5-11] Dr. Rabinovich stated: I am writing to inform you about Cesca Dixon. Cesca started coming to Mountain Vista Psychology on May 1 of 2024 to seek mental health support. It is. It is important for me to share some information with you about Cesca to ensure her educational experience is as positive and successful as possible. Cesca has been diagnosed with autism spectrum disorder (ASD). Autism is a neurodevelopmental condition that affects individuals in various ways, particularly in social communication and interaction, restricted and repetitive behaviors, and sensory sensitivity and challenges. While every individual with autism is unique, Cesca may display behaviors or have specific needs that require understanding and support from school staff. These may include challenges with social interactions, sensory sensitivities, difficulties with transitions, or a preference for routines. As a result, she might benefit from virtual classes at school. It is important to recognize that these behaviors are not indicative of a lack of capability; rather, they reflect the way autism impacts Cesca's experience of the world. [DKT:120, PG.1]

Insights Assessments and Therapy Diagnosed Plaintiff August 16, 2022. With respect to Cecsa's educational experience with Autism:

Plaintiff was denied accommodation on January 4, 2023 by Sheriff Rasheed for the following reasons:

1. Any approved accommodations must be reasonable and must not fundamentally alter the course objectives.

2.I communicated with your professors and the chair of the math department, they clearly stated that they do

not offer any upper division courses needed by math majors as online classes because math major program is

an in-person program that is not available to remote or online

students.

3. The department do not have technology in any of their classrooms to record lectures or offera class in a

hybrid or hyflex format.

Plaintiff's mother reached out to the Presidents' office to find out whom else they could speak with that might help Plaintiff get any accommodation that help her daughter. That office connected Ms. Dixon directly to Edward Brown, Chief of staff through their own line. Ms. Dixon informed Mr. Brown of the events and that she did mention to Ribble and Rasheed that her daughter's rights may be violated in the event of failure to accommodate. However, Ms. Dixon also said that there had to be a way for all participants to come together and figure out a way to help Plaintiff finish her degree and accommodate her Autism at the same time.

Objections to Declarations/Lack of Evidentiary Sufficiency/ And Declarations'

Failure to Support Defense Based on Deference

The declarations of Dr. McKenna, Dr. Harder, Dr. Ribble, Dr. Cermak, and Sheriff Rasheed, were used by defendants to create material fact and evidence where they had none, in an effort to

dispel the failure to accommodate claim by way of “undue hardship”. The declarants are in lockstep on the idea that Plaintiff’s accommodation request was unreasonable and would impose undue hardship on the professors but failed to offer alternative accommodations required by law. While Ribble, Harder, and McKenna have doctoral levels of experience with statistics, yet not one of them presented data, charts, videos, recordings as evidence to support their testimonies, nor proof that they created the platform for the classes they are teaching, all of which would have been admissible in their motion for summary judgement.

Plaintiff objects to the declarations of Dr. McKenna, Dr. Harder, Dr. Ribble, Dr. Cermak, and Sheriff Rasheed as their credibility has been undermined and directly contradicted by evidence submitted by Plaintiff. The declarants stated the rigors of whiteboard use etc. However, Plaintiff had already contradicted the declarants prior to their declarations being submitted by filing into evidence Dr. Poole’s video recording of how Differential Equations [DKT152], the same class taught by Dr. Harder would be taught online and the benefits of it being online in 2021 [DKT. 135 &142]. Plaintiff submitted pictures of Dr. McKenna working on the whiteboard during a

calculus class Plaintiff took with McKenna during Covid. During the objections portions of Plaintiff’s summary judgement motion Plaintiff entered into evidence two links to MSU’s services for Professors: https://early-bird.msudenver.edu/canvas-spotlight-proctor-online-exams-with-proctoru/ and https://www.msudenver.edu/teaching-learning-design/

both undermine the credibility of the declarations insistence that testing cannot be proctored in remote learning and that professors would have to create an entirely different section by themselves. The ADA law does not seek to take away, just add. All declarations supplied by defendants should be stricken due to being undermined by the incontrovertible evidence filed by

Plaintiff, Cesca Dixon. Cermak's declaration should be stricken from the record for error by defense to request late entry of her declaration as it was filed almost one month after defendant's summary judgement motion was filed, August 22, 2024.

The ADA prohibits the implementation of requirements that seek to prevent fair and equal inclusion and participation. The "in-class" classes only for MSU's upper division math courses is such a requirement the excludes and blocks fair and equal participation. (3) A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration Rule 705 also provides, however, that the expert may be required to disclose the facts or data upon cross examination.51 As there is no cross examination on summary judgment, the courts have required the disclosure of the facts and data to be included in the declaration.

https://www.fedbar.org/wp-content/uploads/2019/12/THU-12-15-Ethics-Submitting-Evidence-in-Support-of-a-Motion

Defendants Claim of Deference and The Insufficient Evidence to Support Deference

Chevron Deference was overruled June 2024. The Defendants were awarded deference based on the "expert" opinions of Ribble, McKenna, Harder, and the recounted version of interactions between himself, Plaintiff and her mother submitted by Rasheed (see DKT.134) better recitation. However, Wex views Loper differently now that Chevron was overturned: Generally, to be accorded Chevron deference, the agency's interpretation of an ambiguous statute had to be permissible, which the Court has defined to mean "rational" or " reasonable ." In determining the reasonableness for the particular construction of a statute by the agency, the age of that administrative interpretation as well as the

congressional action or inaction in response to that interpretation at issue would be a useful guide; In subsequent cases, the Supreme Court narrowed the scope of Chevron deference, holding that only the agency interpretations reached through formal proceedings with the force of law, such as adjudications , or notice-and-comment rulemaking , qualify for Chevron deference, while those contained in opinion letters, policy statements, agency manuals, or other formats that do not carry the force of law are not warranted a Chevron deference; By overturning Chevron , the Court realigns the doctrine with the requirements of Section 706 of the Administrative Procedure Act , which stipulates that "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."
https://www.law.cornell.edu/wex/chevron_deference

Defendants Evidentiary Insufficiency on Failure to Accommodate Plaintiff

The defendants have yet to provide reasons why they did not offer plaintiff alternative accommodations (not longer testing times, or longer time for turning in assignments, which Plaintiff acquired in previous years for PTSD at MSU). The law states that the alternative could be

If the declarations were accurate about the "undue burden" professors would have faced accommodating Plaintiff, the law is generous in affording them options to create an alternative accommodation, including but not limited to selecting alternate classes that could fill Plaintiff's degree path. The access center had a wealth of accommodations that could have been combined to accommodate Plaintiff yet chose none. Previous accommodations for PTSD that were

provided in the past, and were still active at the time of the new request for accommodation do not address, substitute, nor function as an "interactive process" of finding an alternative for the Autism accommodation Plaintiff sought. The whole population of America is aware that all educational institutions of all levels was placed on lockdown for more than a year and required to attend school online. With that knowledge a reasonable jury will easily infer that Plaintiff's accommodation request would accept any form of remote learning is not only reasonable but would cost little to nothing and easy to facilitate in this advanced age of technology.

The "in-class" classes requirement, for MSU's upper division math courses, is a requirement that excludes and blocks fair and equal participation. Therefore, a violation of federal statute has occurred. 28 CFR 35. 130 (a) (2) A public entity may not deny a qualified individual with a disability the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities. (3) A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration

Defendants Evidentiary Insufficiency on Intentional Disability Discrimination by Deliberate Indifference

Title II and Section 504, deliberate indifference is the standard that applies in that circumstance. Adams v. Montgomery Coll. (Rockville), 834 F. Supp. 2d 386, 393-94 (D. Md. 2011). Defendants demonstrate deliberate indifference "when they have notice of the potential risk of their decision, and clearly refuse the accommodation knowingly." Adams, 834 F. Supp. 2d at 394 (quoting Proctor v. Prince George's Hosp. Ctr., 32 F. Supp. 2d 820, 829 (D. Md.1998)) (brackets omitted).

Plaintiff's mother informed Dr. Ribble, on Dec. 19, 2022; Sheriff Rasheed, on Dec. 20, 2022;

and Mr. Brown on Jan 4, 2023, that Plaintiff's rights may be violated if an accommodation was not provided to help her attend her classes and accommodate her Autism

Summary Judgement and Changes During Plaintiff's Last Attempt That May Have Influenced the Outcome

Because summary judgement is a fact-based process that relies on undisputed material facts, the use of the material fact chart, put forth by the Honorable Judge Rodiquez, is effective in weeding out what is not material to a case. Plaintiff chose this approach for that reason. The following are the rules Plaintiff began to follow until the rules were changed.

B. Upon receipt of such notice, the Court will schedule a hearing with the parties to discuss the material facts and to determine whether there are disputes of any material facts.

IV. HEARING REQUIREMENTS

A. No later than three (3) business days prior to the hearing, the Parties shall jointly file via CM/ECF a chart of undisputed material facts. This will require the parties to substantively meet and confer. It is insufficient for the parties to simply exchange their version of the chart.

The parties are expected to allow sufficient time to exchange and substantively discuss the chart prior to submission to the Court. The form for the chart that the parties should use to submit their statement of material facts can be found on the Court's website.

B. This chart is intended to provide the parties and the Court with an easy way of determining whether there are disputes as to material facts, and to therefore guide the parties as they consider the propriety of potential motions for summary judgment. The chart is not intended to provide a forum for the parties to set forth legal arguments; it is merely a tool for establishing those facts that are, in fact, undisputed.

*Plaintiff was not afforded the opportunity to participate in a hearing because, according to Matt Worthington, former counsel for MSU, the hearings were not going to take place because

Plaintiff was filing Pro Se [see emails Exhibit B] and an order [DKT. 126] stipulating that both parties, Plaintiff filing summary judgement and defendants filing cross-claim, were to follow Judge Varholak's instructions for Rule 56 summary judgement, which included use of the charts.

[ ]

*Judge O'Hara was assigned Plaintiff's motion for summary judgement October 16, 2024 [DKT. 160].

*The rules changed again under Judge O'Hara as he does not subscribe to the use of the charts. No charts, no open discussion between the parties with the Judge.

*Plaintiff was never informed/reminded that she could choose to consent/or not consent to Judge O'Hara as the magistrate for her summary judgement motion.

*Defeating summary judgment requires only a single disputed material fact. (See Code Civ. Proc., § 437c, subd. (c) [a

motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law."] [emphasis added].) Thus,

any disputed material fact means the court must deny the motion – the court has no discretion to grant summary

judgment. (Zavala v. Arce (1997) 58 Cal.App.4th 915, 925, fn. 8; Saldana v. Globe-Weis Systems Co. (1991) 233

Cal.App.3d 1505, 1511-1512.) Further, a defendant may not avoid the denial by withdrawing the material fact. When a

party includes a material fact in its separate statement, the party concedes it is material. (Nazir v. United

Airlines (2009)178 Cal.App.4th 243, 252.)

https://www.advocatemagazine.com/article/2021-december/keeping-the-material-in-

material-facts

*Regarding the recommendations for summary judgement by Judge O'Hara:

5. If the legal issue is the same, it does not matter that the motion heard by the second judge is different than the one decided by the first judge.

a. The second judge's decision on summary judgment was void because it was based

on the same legal issue as the first judge's decision denying a motion to dismiss.

Adkins v. Stanly County Board of Education, 203 N.C. App. 642, 647-48 (2010).

Although the two motions differed, the linchpin legal issue for each was whether the

dismissed public employee had been speaking on a matter of public concern so as to

raise First Amendment protections.

b. A second judge's order of summary judgment in a medical malpractice case was

void because, even though the judge said he was not overruling the first judge, the

legal issue being determined — whether negligence might be established by res ipsa

loquitur and thus avoid the need to have the pleadings reviewed by an expert —

was the same as decided by the first judge in denying a motion to dismiss.

Robinson v. Duke University Health Systems, Inc., ___ N.C. App. ___, 747

S.E.2d 321, 327-28 (2013).

www.sog.unc.edu/sites/www.sog.unc.edu/files/additional_files/One judge overrule another jud auth Apr

14_0.

UNRESOLVED LEGAL ISSUES OF PLAINTIFF'S CASE

Defendants have yet to provide any evidence that they did not fail to accommodate Plaintiff. Previous accommodations for PTSD that were provided in the past, and were still active at the time of the new request for accommodation do not address, substitute, nor function as an "interactive process" of finding an alternative for the Autism accommodation Plaintiff sought.

Defendants have failed to provide evidence that they did not intentionally discriminate against Plaintiff, as they continue to accommodate students who miss classes due to illnesses, allowing notetakers, recording of classes by professors and sometimes students, lecture notes etc. These are some of the accommodations that Plaintiff suggested but were denied by the defendants.

Defendants have not provided evidence that they did not act with deliberate indifference after Plaintiff's mother informed Ribble, Rasheed, and Ed Brown that a law could be violated by denying Plaintiff accommodation. Defendants, instead, place blame on Plaintiff for suggesting alternative accommodation—the act of initiating the "interactive process" to find a solution—yet the defendants refused to participate. The defendants have repeatedly tried to disqualify the Plaintiff as a disabled individual in deserving of an accommodation by first referring to Plaintiff as high-functioning ("Plaintiff's request was not reasonable considering Plaintiff's high-functioning diagnosis" Scheduling Conference Defendant Defenses"). The tag "high-functioning" is not only a slight against the Plaintiff but an attempt to minimize Plaintiff's need

for accommodation based on her diagnosis of Autism. In their motion for summary judgement defendants sought to diminish Plaintiff's need for accommodation by referring to her Level 1 status. 28

CFR 35.108(d)(3)(iv) "Given the rules of construction set forth in this section, it may often be unnecessary to conduct an analysis involving most or all of the facts related to condition, manner, or duration. This is particularly true with respect to impairments such as those described in paragraph (d)(2)(iii) of this section, which by their inherent nature should be easily found to impose a substantial limitation on a major life activity, and for which the individualized assessment should be particularly simple and straightforward."

CONCLUSION

Plaintiff respectfully requests Judgement as A Matter of Law Pursuant to FRCP 50 (a) (b) and Joint motion Pursuant to FRPC 59

Dated:3/31/ 2025

Respectfully submitted,

(Signature of party)

Print Name: Cesca Dixon
Address: 1165 S. Broadway, Apt. #215, Denver CO, 80210
Telephone Number: 720-357-1960
Email Address: cescadixon80203@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on [**3/31/2025**]

I sent a copy of the to the following parties in the way described below

Party Name: Colorado Board of Trustees of Metropolitan State University of Denver
How Served: Email
Party Attorney's Name: Angela Zippin, Robert Warren Beck
Address: 1300 Broadway, 6th Floor Denver, CO 80203
Telephone Number: (720) 508-6124; -6395
Email Address: angela.zippin@coag.gov, warren.beck@coag.gov, jennifer.davis-weiser@coag.gov,

(Signature of person completing service)
Print Name: Cesca Dixon
Address: 1165 S. Broadway, Apt 215, Denver CO, 80210
Telephone Number: 720-357-1960
Email Address: cescadixon80203@gmail.com