**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-00606-RMR-TPO

CESCA DIXON,

Plaintiff,

v.

THE BOARD OF TRUSTEES OF METROPOLITAN STATE UNIVERSITY OF DENVER,

Defendant.

---

# RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50 (a) (b) AND JOINT REQUEST PURSUANT TO FRCP 59 2-3

---

Defendant, The Board of Trustees of Metropolitan State University of Denver, by and through undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion for Judgment as a Matter of Law Pursuant to FRCP 50 (a) (b) and Joint Request Pursuant to FRCP 59 2-3 [ECF 165] (hereinafter "Motion"), and state as follows:

## INTRODUCTION

As outlined below, Plaintiff's Motion should be denied. Plaintiff's reliance on Rule 50 and Rule 59 is misplaced because there was no trial in this case. Further, any request under Rule 59 to alter or amend the judgment was unripe and fails to

meet the standard for such relief. Consequently, Plaintiff's Motion is improper and should be denied.

## ARGUMENT

### I. Plaintiff's request for judgment as a matter of law under Rule 50 should be denied because there was no trial.

Plaintiff's Motion cites Rule 50(a) and (b) as authority for seeking judgment as a matter of law. Rule 50 provides the parties with a mechanism for seeking judgment as a matter of law during or after a jury trial. As the Court is well-aware, there was no trial in this case. As such, Rule 50 is inapplicable and the Motion should be denied.

Pursuant to Rule 50(a), a court may grant judgment as a matter of law against a party after the party "has been fully heard on an issue *during a jury trial* and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis" to find in the party's favor on that issue. Fed. R. Civ. P. 50(a)(1) (emphasis added); *see also* Fed. R. Civ. P. 50(a)(2) (permitting a party to move for judgment as a matter of law before the case is submitted to the jury). A party may renew its motion for judgment as a matter of after entry of judgment or after the jury is discharged, depending on the issue to be raised. *See* Fed. R. Civ. P. 50(b). The party may also request a new trial jointly with Rule 50(b) motion. *Id.*

Because there was no trial in this matter, Rule 50 is plainly inapplicable. On March 19, 2025, United States District Judge Rodriguez accepted and adopted Magistrate Judge O'Hara's Recommendation [ECF 161] denying Plaintiff's Motion

for Summary Judgment [ECF 135] and granting Defendant's Motion for Summary Judgment [ECF 143]. Judge Rodriguez thereby obviated the need for a trial in the case. *See* ECF 164. Thus, Plaintiff's Motion – which relies on a rule for seeking judgment as a matter of law during and after a jury trial – should be denied.

## II. Plaintiff's request for a new trial under Rule 59 should also be denied because there was no trial.

Plaintiff's Motion cites "Rule 59 2-3" to request a new trial. *See* Motion at 1-2, 14. It is unclear which provisions of Rule 59 Plaintiff intends to cite because there is no subsection three (3) in the rule. Nevertheless, since there was no trial in this case, Plaintiff's request for a new trial under Rule 59 is not proper and should be denied.

Rule 59(a)(1) sets forth the grounds on which a court may grant a party's request for a new trial. *See* Fed. R. Civ. P. 59(a)(1)(A) (referring to the basis for a new trial after a jury trial) and Fed. R. Civ. P. 59(a)(1)(B) (referring to the basis for a new trial after a nonjury trial). And Rule 59(a)(2) permits the court, on motion for a new trial, to take further specific action after a nonjury trial, including to "open the judgment … take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

A fundamental prerequisite for seeking a *new* trial under Rule 59, however, is that a trial – whether a jury or nonjury trial – must have taken place. As there was no trial in this case, Plaintiff's reliance on Rule 59 is misplaced. Therefore, her Motion for a new trial under Rule 59 must be denied.

**III. Any request under Rule 59(e) to alter or amend the judgment is unripe and fails to meet the standard for such relief.**

Consideration of any request to alter or amend the judgment pursuant to Rule 59(e) should be denied because such a request was unripe. Indeed, under Rule 59(e), a party may only request to alter or amend a judgment *after* the entry of the judgment. Plaintiff's Motion was filed on March 31, 2025, but final judgment was not entered until April 17, 2025. *Compare* ECF 165 (Plaintiff's Motion) *with* ECF 166 (the Clerk's entry of Final Judgment). Thus, to the extent this Court interprets Plaintiff's Motion as one seeking to alter or amend the judgment under Rule 59(e), such a request was not ripe.[1]

Nevertheless, Plaintiff's Motion fails to set forth sufficient grounds to alter or amend the judgment. "The purpose for such a motion is to correct manifest errors of law or to present newly discovered evidence." *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (internal quotation omitted); *see also Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) ("Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration,

---

[1]Rule 58(a) requires that every judgment "be set out in a separate document" except for orders disposing of certain motions. Orders on a motion for summary judgment are not included among the listed exceptions, *see* 58(a)(1)-(5), therefore, the Court's judgment required a separate document in this case. *See also* Rule 54(a) (defining judgment as used in the Federal Rules of Civil Procedure as "any order from which an appeal lies[]"); Fed. R. App. P. 4(a)(7)(ii) (defining "entry" for purposes of appeal as when Rule 58(a) requires a separate document as "when judgment or order is entered in the civil docket … and … the judgment or order is set forth on a separate document[]").

these motions are accepted as the offspring of [Rule] 59(e) which provides that a motion to alter or amend judgment may be entered within [28] days after the entry of the judgment.") (internal quotation omitted). "A motion for reconsideration is proper when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension, or there has been a significant change or development in the law or facts since submission of the issues to the court." *Id.* Such motions are not intended as a "vehicle for the losing party to rehash arguments previously considered and rejected." *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 617–18 (D. Kan. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997).

Here, Plaintiff fails to muster any newly discovered evidence or point to a change in the law warranting alteration or amendment of the judgment. Plaintiff also fails to show how the Court misapprehended the facts or misapplied the applicable law in reaching its determination of any dispositive issue. Plaintiff's Motion merely rehashes and reasserts the arguments Plaintiff made in her Motion for Summary Judgment [ECF 135], Response Chart to Defendant's Motion for Summary Judgment [ECF 153], and Objection to the Magistrate Judge's Recommendation [ECF 162]. Thus, Plaintiff has failed to satisfy the standard for altering or amending the judgment and the Motion should be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion should be denied.

DATED this 21st day of April 2025.

PHILIP J. WEISER
Attorney General

*/s/Angela R. Zippin*
ANGELA R. ZIPPIN
R. WARREN BECK
Assistant Attorneys General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
(720) 508-6395; -6143
angela.zippin@coag.gov
warren.beck@coag.gov

**Counsel of Record for Defendant Board of Trustees of Metropolitan State University of Denver*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50 (a) (b) AND JOINT REQUEST PURSUANT TO FRCP 59 2-3** upon all parties herein by filing copies of same using the ECF System, this 21st day of April 2025 addressed as follows:

Cesca Dixon
1165 South Broadway
Suite 215
Denver, CO 80210

*Plaintiff Pro Se*

*/s/Jen Davis-Weiser*