IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-00606-RMR-TPO

CESCA DIXON,

      Plaintiff,

v.

THE BOARD OF TRUSTEES OF THE METROPOLITAN STATE UNIVERSITY OF
DENVER COLORADO,

      Defendant.

---

## ORDER

---

Before the Court is Defendant's "Motion for Judgement as a Matter of Law Pursuant to FRCP 50(a)(b) and Joint Request Pursuant to FRCP 59 2-3 (FRCP 59 Motion Attached" (the "Motion"). ECF No. 165 at 1. Plaintiff alleges discrimination (deliberate indifference) and failure to accommodate under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") against Metropolitan State University ("MSU" or "Defendant") because MSU would not accommodate her disability by allowing her to complete her degree in Applied Mathematics remotely. In a well-reasoned Recommendation, Magistrate Judge Timothy P. O'Hara recommended that the Court grant MSU's motion for summary judgment and enter summary judgment in MSU's favor on all of Plaintiff's claims. ECF No. 161. On March 19, 2025, the Court adopted Magistrate Judge O'Hara's recommendation, ECF No. 164, and final judgment was entered on April

17, 2025. After the Court issued its order on the parties' motions for summary judgment, but before summary judgment was issued, Plaintiff filed her Motion on March 31, 2025. Plaintiff is seeking "Judgement as A Matter of Law on all her claims in the case, and [to be] awarded the $700,000 she is seeking in compensatory damages." ECF No. 165 at 2. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I.    LEGAL STANDARD

### A.    Review of a Pro Se Litigant's Filings

Plaintiff proceeds in this matter pro se. Where a party proceeds pro se, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority,'" "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B.    Fed. R. Civ. P. 50**

"No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). "Arguments presented in a Rule 50(b) motion cannot be considered if not initially asserted in a Rule 50(a) motion." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017).

**C.    Motion to Reconsider**

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

**D.    Fed. R. Civ. P. 59(e) and 60**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "[A] motion to reconsider filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion." *Servants of Paraclete*, 204 F.3d at 1012.

Federal Rule of Civil Procedure 60(b) states that relief from a final judgment or order is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete*, 204 F.3d at 1009. A Rule 60(b) motion is generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

## II.    ANALYSIS

The Court assumes familiarity with the facts and procedural history of this case as laid out in Magistrate Judge O'Hara's Recommendation on the parties' motions for summary judgment, ECF No. 161, and therefore, does not repeat them here unless necessary.

A.      **Plaintiff's Response is Timely**

On April 21, 2025, Defendant filed a response in opposition to Plaintiff's Motion (the "Response"). ECF No. 167. In her reply, Plaintiff argues that Defendant's Response is untimely and was due April 15, 2025, and she asks that the Court strike the Defendant's untimely filing. ECF No. 168. Plaintiff does not cite a rule for her assertion that the Response was due in fourteen days. She may be pulling the rule from Rule 59(c), which allows an opposing party fourteen days to file opposing *affidavits* if a Rule 59 motion is based on *affidavits*. Fed. R. Civ. P. 59(c) (emphasis added). Here, the Motion is not based on affidavits. Rather, Local Rule 7.1(d) controls, which gives the responding party "21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response." D.C.COLO.LCivR 7.1(d). Defendant filed its response 21 days after the date of service of the Motion. Thus, Defendant's Response is timely and will not be stricken.

B.      **Relief Under Fed. R. Civ. P. 50 is Not Appropriate**

Defendant is correct, Plaintiff's reliance on Rule 50 is not appropriate because there was no trial in this matter. ECF No. 167 at 2. This case was decided on the parties' motions for summary judgment. The purpose of a motion for summary judgment is to test whether a trial is required. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court granted summary judgment in favor of Defendant because it found that there was no genuine issue of material fact to be determined by a trier of fact. ECF No. 164. Rule 50 is only applicable if there is a trial. Plaintiff argues that Rule 50 applies "regardless of whether or not the case was presented to a jury." ECF No. 168 at 1 (citing

5

*Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008)). In *Maher*, the court granted in part a motion for summary judgment against the defendant, and the jury returned a verdict in favor of the defendant on the remaining claim. *Id.* at 821-823. Maher's Rule 50(b) claim failed on procedural grounds because he did not file a pre-judgment motion under Rule 50(a) challenging the sufficiency of evidence in a civil jury trial. *Id.* at 824. Maher does not stand for the proposition that Rule 50(a) and (b) "serves the purpose of raising a challenge as to the sufficiency of the evidence and protects the right to challenge sufficiency [ ] regardless of whether or not the case was presented to a jury" as Plaintiff asserts. ECF No. 168 at 1. Rule 50 may be used to address a "jury issue not decided by a verdict," but not to address a case that was never put before a jury. *See* Fed. R. Civ. P. 50(b).

### C.    Plaintiff is Not Entitled to Relief

Defendants also argue that Plaintiff's request under "Rule 59(e) should be denied because such a request was unripe." ECF No. 167 at 4. This is technically true. Rule 59(e) motions seek to alter or amend a judgment and "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed her motion on March 31, 2025, ECF No. 165, before final judgment was entered on April 17, 2025. However, as a pro se litigant, Plaintiff's pleading must be construed liberally. *See Trackwell*, 472 F.3d at 1243. A Rule 60 motion only needs to be "made within a reasonable time . . . of the judgment or order". Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's arguments are more appropriately analyzed under Rule 60(b), seeking relief from the Court's summary judgment order or as a motion to reconsider the Court's order granting summary judgment

in favor of the Defendant, rather than Rule 59(e). No matter how the Court construes Plaintiff's Motion, she is not entitled to relief under Rule 59(e), Rule 60, or a motion to reconsider.

Plaintiff does not provide any new evidence previously unavailable or point to an intervening change in controlling law. Plaintiff appears to argue that the Court misapprehended the facts and/or her position. In doing so, she requests that the Court revisit issues it has already addressed. For example, Plaintiff argues "[t]he defendants have provided no evidence nor facts that support their purported narrative that Plaintiff is not a qualified person with a disability." ECF No. 165 at 2. Both Magistrate Judge O'Hara's Recommendation and this Court's order granting summary judgment note that "Defendant does not contest Plaintiff is a qualified individual with a disability" and the "Court assumes that Plaintiff's [Autism Spectrum Disorder] and social anxiety meet the [ADA and Rehabilitation Act's] definition of disability." ECF Nos. 161 at 21-22; 164 at 14. Plaintiff also argues that "Defendants have not proven that Plaintiff had to exhaust administrative remedies." ECF No. 165 at 2. As Magistrate Judge O'Hara notes in a footnote, "Defendant raises no argument about whether Plaintiff had an obligation to administratively exhaust her request." ECF No. 161 at 17 n.10. Thus, the need for exhaustion did not weigh in the Court's analysis.

Plaintiff argues that Defendant has not proven that the documentation she provided is insufficient to "address how in-[person] classes would impact Plaintiff negatively." ECF No. 165 at 2. However, that is not the standard. It may be the case that Plaintiff "might benefit from virtual classes at school." ECF No. 165 at 4. The issue is

whether the requested accommodation, remote attendance, "(a) impose[s] undue hardship on the operation of the defendant's service, program, or activity, or (b) require[s] a fundamental or substantial modification to the nature of its academic program or standards." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 190 (2d Cir. 2015). The Court found that Plaintiff's requested accommodation "would create an undue hardship for the professors and fundamentally alter the math degree program as designed by Defendant." ECF No. 164 at 10. Plaintiff also argues that Defendant has not "proven that Plaintiff's request and situation relates to employment cases on any level." ECF No. 165 at 2. Magistrate Judge O'Hara notes "case law from the Title I ADA employment context can be applied to the Title II ADA educational context." ECF No. 161 at 22 (citing *McGuinness v. Univ. of N.M. Sch. of Medicine*, 170 F.3d 974, 978 (10th Cir. 1998); *see also*, *Profita v. Regents of the Univ. of Colo.*, 709 F. App'x 917(10th Cir. 2017); *Crane v. Utah Dep't. of Corrs.*, 15 F.4th 1296, 1314 (10th Cir. 2021)). Plaintiff does not provide support that the Court's use of an employment context in its analysis is an inappropriate application of the law.

Plaintiff seeks to strike "all the declarations supplied by defendants . . . due to being undermined by the incontrovertible evidence filed by Plaintiff." ECF No. 165 at 6-7. Magistrate Judge O'Hara found that the declarations of the professors in the mathematics department and the employees of the MSU Access Center "present[] evidence that adequate instruction depends on in-person participation." ECF No. 160 at 32. Plaintiff believes she has provided contradictory evidence to Defendant's assertion because she provided evidence that some of the same classes were taught remotely during the

extraordinary circumstances of the COVID-19 pandemic. As the Court noted in its order, "[a]n accommodation is not reasonable just because it is technically possible." ECF No. 164 at 13. Plaintiff cannot strike a declaration because she disagrees with the content of the declaration. The Court addresses Plaintiff's specific objection to Dr. Cermak's declaration as untimely in its order. *Id.* 10-11. The Court held that it "would reach the same result even without Dr. Cermak's declaration, as the evidence is sufficient even without her declaration to establish the denial was justified." *Id.* at 11. In her Motion, Plaintiff again raises her argument that the Supreme Court's decision in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) has been overruled by *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). She argues that Defendant was awarded deference based on "expert" opinions provided by the mathematics department professors in their declarations. ECF No. 165 at 7. The Court addressed this argument in its order on the motion for summary judgment, holding that the decision in *Loper Bright* did not change the Court's analysis and that as "an academic institution, [MSU] is entitled to deference as to why the requested accommodation would fundamentally alter its math degree program." ECF No. 164 at 8.

Plaintiff next complains about the process the Court used to rule on the parties' motions for summary judgment. She argues that the rules were changed as the case was reassigned. She argues there were "[n]o charts, no open discussion between the parties with the Judge." ECF no. 165 at 11. This Court does "schedule a conference with the parties to discuss the material facts and to determine whether there are disputes of any material facts" before filing a motion for summary judgment. *See* RMR's Standing Order

9

Regarding Rule 56 Motions. Before the conference, the parties are required to jointly "file via CM/ECF a chart of undisputed material facts." *Id.* However, the Standing Order does not apply to unrepresented parties. *Id.* Plaintiff also argues she "was never informed/reminded that she could choose to consent/or not consent to Judge O'Hara as the magistrate for her summary judgment motion." ECF No. 165 at 11. That is not accurate. The parties did not consent to the exercise of jurisdiction by a United States Magistrate Judge. *See* ECF No. 20. However, that does not prevent the Article III Judge assigned to the case from referring the case to a Magistrate Judge 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b) for proposed findings of fact and recommendations for rulings on dispositive motions. This Court referred the parties' motions for summary judgments to the magistrate judge. Plaintiff could not decide whether to have Magistrate Judge O'Hara provide a recommendation for her motion for summary judgment.

Plaintiff is under the impression that, with the evidence she has presented, it would be impossible for a court to find that there was no triable issue here. This court has reviewed the evidence Plaintiff has provided three times now. First, by Magistrate Judge O'Hara in a thorough 50-page Recommendation. And twice by this Court. First, when the Court addressed Plaintiff's objections to the Recommendation in its order adopting Magistrate Judge O'Hara's Recommendation. And, now a second time, in addressing Plaintiff's current Motion. Plaintiff has not presented any additional evidence or argument that the Court has not already considered. Plaintiff has not demonstrated clear error or manifest injustice. After review of the Motion and the entire file, the Court finds that

10

Plaintiff failed to demonstrate some reason why the Court should reconsider and vacate the final judgment in favor of Defendant in this action.

### III.    CONCLUSION

It is **ORDERED**, for the reasons stated above, that Plaintiff's Motion, asking the Court for "Judgement as A Matter of Law Pursuant to FRCP 50 (a) (B) and Joint Motion Pursuant to FRCP 59," which the Court has treated as a motion for reconsideration or relief from an order under Rule 60, is **DENIED**.

DATED:  March 20, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

11