ALLMTN,FEDAPP,JD1,MJ CIV PP,NP ProSe,TERMED

# U.S. District Court − District of Colorado
# District of Colorado (Denver)
# CIVIL DOCKET FOR CASE #: 1:23−cv−00606−RMR−TPO

Dixon v. Metropolitan State University of Denver Colorado
Assigned to: Judge Regina M. Rodriguez
Referred to: Magistrate Judge Timothy P O'Hara
Demand: $700,000
Cause: 42:1983 Civil Rights Act

Date Filed: 03/08/2023
Date Terminated: 04/17/2025
Jury Demand: None
Nature of Suit: 443 Civil Rights: Accommodations
Jurisdiction: Federal Question

**Plaintiff**

**Cesca Dixon**
*[Pro Se E−Filer, effective 3/17/2023]*

represented by **Cesca Dixon**
1165 South Broadway
Suite 215
Denver, CO 80210
720−357−1960
Email: cescadixon80203@gmail.com
PRO SE

**Ronald Darrell Baker**
Baker & Company, Patent Law Consultants LLC
11877 Douglas Road
Suite 102191
Johns Creek, GA 30005
205−422−3855
Email: rb@bakercolaw.com
*TERMINATED: 05/30/2024*

V.

**Defendant**

**Metropolitan State University of Denver Colorado**

represented by **Angela R. Zippin**
Colorado Office of the Attorney General
Higher Education Unit, State Services Section
1300 Broadway, 6th Floor
Ralph L. Carr Colorado Judicial Center
Colorado Department of Law
Denver, CO 80203
720−508−6395
Email: angela.zippin@coag.gov
*ATTORNEY TO BE NOTICED*

**Matthew John Worthington**
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center

1300 Broadway
Denver, CO 80203
720−508−6124
Email: matt.worthington@coag.gov
*TERMINATED: 09/18/2024*

**Robert Warren Beck**
Colorado Department of Law
1300 Broadway
6th Floor
Denver, CO 80203
720−508−6143
Email: warren.beck@coag.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Board of Trustees of the Metropolitan Sate University of Denver Colorado** represented by **Angela R. Zippin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew John Worthington**
(See above for address)
*TERMINATED: 09/18/2024*

**Robert Warren Beck**
(See above for address)
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/08/2023 | 1 | COMPLAINT against Metropolitan State University of Denver Colorado, filed by Cesca Dixon. (Attachments: # 1 Exhibit 1A, # 2 Exhibit 1B, # 3 Exhibit 3A, # 4 Exhibit 3B−C, # 5 Exhibit 4B, # 6 Exhibit 5A, # 7 Exhibit 5B, # 8 Introduction Paragraph 2, # 9 Plaintiff Statement, # 10 Statement of Entitlement 1, # 11 Statement of Entitlement P2B) (blaws) (Entered: 03/08/2023) |
| 03/08/2023 | 2 | Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) by Plaintiff Cesca Dixon. (blaws) (Entered: 03/08/2023) |
| 03/08/2023 | 3 | Case assigned to Magistrate Judge Gordon P. Gallagher. Text Only Entry. (blaws) (Entered: 03/08/2023) |
| 03/13/2023 | 4 | ORDER denying 2 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). If Plaintiff fails to pay the full amount of $402.00 within the time allowed, the complaint and the action will be dismissed without further notice. By Judge Lewis T. Babcock on 3/13/2023.(jtorr, ) (Entered: 03/14/2023) |
| 03/20/2023 | 5 | SUPPLEMENT/AMENDMENT *Civil Cover Sheet* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 03/20/2023) |
| 03/20/2023 | 6 | |

| | | |
|---|---|---|
| | | SUMMONS REQUEST as to Metropolitan State University of Denver Colorado by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 03/20/2023) |
| 03/21/2023 | 7 | Filing fee: $402.00, receipt number 106381. (jtorr, ) (Entered: 03/22/2023) |
| 03/28/2023 | 8 | REASSIGNING MAGISTRATE JUDGE. Due to the recent appointment of Magistrate Judge Gordon P. Gallagher as a United States District Judge, and with the permission of Chief Judge Brimmer pursuant to D.C. Colo. L. Civ. R. 40.1(a), this action is reassigned to Magistrate Judge Kristen L. Mix. All future pleadings should be designated as 23−cv−00606−KLM. (Text only entry) (agarc, ) (Entered: 03/28/2023) |
| 03/29/2023 | 9 | ORDER DRAWING CASE by Magistrate Judge Kristen L. Mix on 3/29/2023. This case is randomly assigned to Magistrate Judge Scott T. Varholak for all further proceedings. All future pleadings should be designated as 23−cv−00606−STV. (jtorr, ) (Entered: 03/30/2023) |
| 03/29/2023 | 10 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (jtorr, ) (Entered: 03/30/2023) |
| 03/30/2023 | 11 | ORDER SETTING DEADLINE FOR FILING ELECTION CONCERNING CONSENT/NON−CONSENT TO MAGISTRATE JURISDICTION FORM AND SETTING SCHEDULING CONFERENCE by Magistrate Judge Scott T. Varholak on 30 March 2023. Consent Form due by 5/23/2023. Proposed Scheduling Order due 5/30/2023. Scheduling Conference set for 6/6/2023 09:15 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. (cmadr, ) (Entered: 03/30/2023) |
| 03/30/2023 | 12 | LETTER from Clerk of Court re: Service of Process of 1 Complaint. (Attachments: # 1 Summons, # 2 Rule 4, # 3 Magistrate Judge Consent Form)(cmadr, ) (Entered: 03/30/2023) |
| 04/14/2023 | 13 | CERTIFICATE of Mailing/Service *Sheriff Service Receipt* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 04/14/2023) |
| 04/14/2023 | 14 | First MOTION to Appoint Counsel *Appoinment of Pro Bono Counsel* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 04/14/2023) |
| 04/17/2023 | 15 | ORDER denying 14 Motion to Appoint Counsel by Magistrate Judge Scott T. Varholak on 17 April 2023.(cmadr, ) (Entered: 04/17/2023) |
| 04/28/2023 | 16 | MOTION to Dismiss by Defendant Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit A)(Worthington, Matthew) (Entered: 04/28/2023) |
| 04/28/2023 | 17 | NOTICE of Entry of Appearance by Angela R. Zippin on behalf of All Defendants Attorney Angela R. Zippin added to party Metropolitan State University of Denver Colorado(pty:dft) (Zippin, Angela) (Entered: 04/28/2023) |
| 05/10/2023 | 18 | First Joint Motion for Determination *Motion for continuance* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 05/10/2023) |
| 05/11/2023 | 19 | ORDER granting 18 Plaintiff's Motion for Extension of Time. For good cause shown, Plaintiff shall respond to 16 Defendant's Motion to Dismiss Complaint not later than 6/9/2023. Additionally, Plaintiff is REMINDED of the duty under D.C.COLO.LCivR 7.1 to make reasonable good faith efforts to confer with opposing counsel prior to |

| | | |
|---|---|---|
| | | filing any motion, and to describe in the motion the specific efforts to fulfill this duty. SO ORDERED, by Magistrate Judge Scott T. Varholak on 5/11/23. Text Only Entry(stvlc3, Andrew) (Entered: 05/11/2023) |
| 05/19/2023 | 20 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Cesca Dixon All parties do not consent.. (Dixon, Cesca) (Entered: 05/19/2023) |
| 05/22/2023 | 21 | CASE REASSIGNED pursuant to 20 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Judge Regina M. Rodriguez and drawn to Magistrate Judge Scott T. Varholak. All future pleadings should be designated as 23−cv−00606−RMR. (Text Only Entry) (cmadr, ) (Entered: 05/22/2023) |
| 05/22/2023 | 22 | ORDER REFERRING CASE to Magistrate Judge Scott T. Varholak. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of Local Civ. R. 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non−dispositive motions, (4) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions, and (5) pursuant to Local Civ. R. 16.6 and at the discretion of the Magistrate Judge, convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. SO ORDERED by Judge Regina M. Rodriguez on 5/22/2023. Text Only Entry (rmrja) (Entered: 05/22/2023) |
| 05/22/2023 | 23 | MEMORANDUM regarding 16 MOTION to Dismiss filed by Metropolitan State University of Denver Colorado. Motion referred to Magistrate Judge Scott T. Varholak, by Judge Regina M. Rodriguez on 5/22/2023. Text Only Entry (rmrja) (Entered: 05/22/2023) |
| 05/30/2023 | 24 | First MOTION for More Definite Statement *request help with appearances and communicating* by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document Reason for motion)(Dixon, Cesca) (Entered: 05/30/2023) |
| 05/30/2023 | 25 | MEMORANDUM regarding 24 First MOTION for More Definite Statement *request help with appearances and communicating* filed by Cesca Dixon. Motion referred to Magistrate Judge Scott T. Varholak, by Judge Regina M. Rodriguez on 5/30/2023. Text Only Entry (rmrja) (Entered: 05/30/2023) |
| 05/30/2023 | 26 | Second MOTION for More Definite Statement *Attend Scheduling Conference via Zoom/Teams June 6, 2023* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 05/30/2023) |
| 05/30/2023 | 27 | MEMORANDUM regarding 26 Second MOTION for More Definite Statement *Attend Scheduling Conference via Zoom/Teams June 6, 2023* filed by Cesca Dixon. Motion referred to Magistrate Judge Scott T. Varholak, by Judge Regina M. Rodriguez on 5/30/2023. Text Only Entry (rmrja) (Entered: 05/30/2023) |
| 05/30/2023 | 28 | − ORDER on Plaintiff's 24 Motion For Parent of Plaintiff to Assist and 26 Request for Remote Appearance at Scheduling Conference. |

| | | |
|---|---|---|
| | | 24 Motion to have Jennifer Dixon, parent of Plaintiff, present and assist Plaintiff during meetings and proceedings to aide communicating, while trying to make her and answering questions is GRANTED IN PART. Jennifer Dixon may sit with Plaintiff at counsel table in appearances before Magistrate Judge Varholak, and Plaintiff may consult with her. However, Plaintiff cannot have another non−lawyer speak for her, regardless of whether they have power of attorney. *See Sanders v. Funk*, No. CIV.A. 07−CV−00192−LT, 2007 WL 1158531, at *3 (D. Colo. Apr. 6, 2007).<br><br>26 Motion Requesting to have June 6, 2023 Conference Meeting via Zoom or Teams is GRANTED. All parties that wish to participate in the 6/6/2023 Scheduling Conference by telephone shall do so by calling 888.808.6929 at the scheduled time and utilizing access code: 2805116#. The participants may hear the conclusion of a prior hearing at the time they call in and are instructed to simply wait until their case is called. The Court NOTES that, pursuant to its Civil Practice Standards (available here), requests to appear by telephone may be made by emailing chambers at Varholak_Chambers@cod.uscourts.gov and copying all counsel of record.<br><br>Finally, the court ADVISES Plaintiff that she may from the Colorado Federal Pro Se Clinic, which can be reached at 303−380−8786. SO ORDERED, by Magistrate Judge Scott T. Varholak on 5/30/23. Text Only Entry(stvlc3, Andrew) (Entered: 05/30/2023) |
| 05/30/2023 | 29 | Proposed Scheduling Order by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 05/30/2023) |
| 06/05/2023 | 30 | First MOTION to Amend/Correct/Modify *COMPLAINT* by Plaintiff Cesca Dixon. (Attachments: # 1 Proposed Document AMENDED COMPLAINT, # 2 Exhibit DR. BROWN & JENNIFER DIXON EMAILS, # 3 Exhibit CESCA DIXON & DR. RIBBLE EMAILS, # 4 Exhibit DR. RIBBLE & JENNIFER DIXON EMAIL, # 5 Exhibit REGARDING PLAINTIFF'S MOTHER HEALTH, # 6 Exhibit MSU ONLINE OPTIONS, # 7 Exhibit MSU ACCESS CENTER ACCOMMODATIONS SHORT LIST)(Dixon, Cesca) (Entered: 06/05/2023) |
| 06/05/2023 | 31 | Exhibits in Support of 30 First MOTION to Amend/Correct/Modify *COMPLAINT* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 06/05/2023) |
| 06/06/2023 | 32 | MINUTE ENTRY for Scheduling Conference held before Magistrate Judge Scott T. Varholak on 6/6/2023. Discovery due by 11/6/2023. FTR: A402. (morti, ) (Entered: 06/06/2023) |
| 06/06/2023 | 33 | SCHEDULING ORDER: by Magistrate Judge Scott T. Varholak on 6/6/2023. (morti, ) (Entered: 06/06/2023) |
| 06/06/2023 | 34 | MEMORANDUM regarding 30 First MOTION to Amend/Correct/Modify *COMPLAINT* filed by Cesca Dixon. Motion referred to Magistrate Judge Scott T. Varholak, by Judge Regina M. Rodriguez on 6/6/2023. Text Only Entry (rmrja) (Entered: 06/06/2023) |
| 06/06/2023 | 35 | ORDER This Matter is before the Court on Plaintiff's 30 Motion to Amend and Supplement Complaint. Defendant is unopposed to the relief requested. [See ##30 at 2; 32] The Court GRANTS 30 Motion to Amend, and directs the Clerk of Court to enter [30−1] Proposed Amended Complaint as the Plaintiff's Amended Complaint, and [30−2] through [30−7] as exhibits to Plaintiff's Amended Complaint. Moreover, |

| | | |
|---|---|---|
| | | it is well−established that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Brumfiel v. U.S. Bank*, 2013 WL 12246738, at *1 (D. Colo. May 16, 2013) (quotation omitted). Accordingly, 16 Motion to Dismiss is DENIED WITHOUT PREJUDICE as MOOT. The Clerk of Court is directed to mail a copy of this Order to Plaintiff. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/6/2023. Text Only Entry(stvlc4, ) (Entered: 06/06/2023) |
| 06/06/2023 | 36 | AMENDED COMPLAINT against Board of Trustees of the Metropolitan Sate University of Denver Colorado, filed by Cesca Dixon. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Entered pursuant to ECF 35 ).(cmadr, ) (Entered: 06/06/2023) |
| 06/20/2023 | 37 | MOTION to Dismiss *First Amended Complaint* by Defendant Board of Trustees of the Metropolitan Sate University of Denver Colorado. (Attachments: # 1 Exhibit A; Rasheed Jan 4, 2023 email)(Worthington, Matthew) (Entered: 06/20/2023) |
| 06/20/2023 | 38 | MEMORANDUM regarding 37 MOTION to Dismiss *First Amended Complaint* filed by Board of Trustees of the Metropolitan Sate University of Denver Colorado. Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 6/20/2023. Text Only Entry (rmrja) (Entered: 06/20/2023) |
| 06/22/2023 | 39 | Exhibits in Support *Sheriff Rasheed Denial Letter* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 06/22/2023) |
| 06/22/2023 | 40 | Exhibits in Support *Sheriff Rasheed 12.20.22 Tele Meeting* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 06/22/2023) |
| 06/23/2023 | 41 | Exhibits in Support of 36 Amended Complaint, *ADDITIONAL COPY OF ED BROWN EMAIL WITH DENIAL LETTER* by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit second page of main)(Dixon, Cesca) (Entered: 06/23/2023) |
| 06/25/2023 | 42 | RESPONSE to 37 MOTION to Dismiss *First Amended Complaint* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit PAGE 1 & 21 OF DIAGNOSIS, # 2 Exhibit LETTER FROM DR. WILLSON, # 3 Exhibit RASHEED CALL WITH PLAINTIFF AND MOTHER, # 4 Exhibit DENIAL LETTER, # 5 Exhibit MSU CATALOG PAGES)(Dixon, Cesca) (Entered: 06/25/2023) |
| 07/05/2023 | 43 | RESPONSE to 37 MOTION to Dismiss *First Amended Complaint Response to Motion to Dismiss* filed by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 07/05/2023) |
| 07/10/2023 | 44 | MINUTE ORDER: This matter is before the Court on an email received from Plaintiff on 7/9/2023 (the "Email"). Except only as otherwise specified by the Federal Rules of Civil Procedure, the District of Colorado Local Civil Rules, or the Civil Practice Standards of Judge Rodriguez or the undersigned, any "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The Court notes further that Email appears to have been sent by Ms. Jennifer Dixon, who identifies herself in her signature on the Email as "Advocate". As the Court noted in its Order of 5/30/2023, "Plaintiff cannot have another non−lawyer speak for her, regardless of whether they have power of attorney." [# 28 (citing *Sanders v. Funk*, No. CIV.A. |

| | | |
|---|---|---|
| | | 07−CV−00192−LT, 2007 WL 1158531, at *3 (D. Colo. Apr. 6, 2007)]. The Court advises Plaintiff that she may benefit from the Colorado Federal Pro Se Clinic, which can be reached at 303−380−8786. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/10/23. Text Only Entry (stvlc3, Andrew) (Entered: 07/10/2023) |
| 07/10/2023 | 45 | REPLY to Response to 37 MOTION to Dismiss *First Amended Complaint* filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Worthington, Matthew) (Entered: 07/10/2023) |
| 07/12/2023 | 46 | REPLY *INFOMATION FOR MINUTE ORDER 44* by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document RMR SUMMARY JUDGEMENT, # 2 Continuation of Main Document 2022 EMAILS)(Dixon, Cesca) (Entered: 07/12/2023) |
| 07/12/2023 | 47 | Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 07/12/2023) |
| 07/13/2023 | 48 | ORDER REFERRING MOTION:<br><br>47 Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT* filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 7/13/2023. Text Only Entry (rmrja) (Entered: 07/13/2023) |
| 07/13/2023 | 49 | MINUTE ORDER: This matter is before the Court on Plaintiff's 47 Motion for Leave to File Early Summary Judgment (the "Motion"). Defendant shall respond to the Motion not later than 8/2/2023, after which Plaintiff may reply not later than 8/16/2023. The Motion is set for a Hearing on 8/22/2023 at 1:30 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/13/23. Text Only Entry (stvlc3, Andrew) (Entered: 07/13/2023) |
| 07/19/2023 | 50 | Exhibits in Support *of motion for summary judgement* by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit New evidence)(Dixon, Cesca) (Entered: 07/19/2023) |
| 07/19/2023 | 51 | Exhibits in Support *of motion for summary judgement* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 07/19/2023) |
| 07/19/2023 | 52 | Statement of Purported Undisputed Facts. by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document Summary Judgement Form)(Dixon, Cesca) Modified on 7/20/2023 to correct event and title per chambers (angar, ). (Entered: 07/19/2023) |
| 07/27/2023 | 53 | RESPONSE to 47 Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT* Attorney Angela R. Zippin added to party Board of Trustees of the Metropolitan Sate University of Denver Colorado(pty:dft) filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Zippin, Angela) (Entered: 07/27/2023) |
| 07/31/2023 | 54 | MINUTE ORDER: Due to a conflict in the Court's calendar, the Motion Hearing on Plaintiff's 47 Motion for Leave to File Early Summary Judgment set for 8/22/2023 at |

| | | |
|---|---|---|
| | | 1:30 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak is RESET **as to time only** to **1:00** PM on the same date. If the parties are not available at this new time, they are directed to jointly contact chambers at 303−335−2365 to identify an appropriate time. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/31/23. Text Only Entry (stvlc3, Andrew) (Entered: 07/31/2023) |
| 08/08/2023 | 55 | First MOTION for More Definite Statement *To Stay and Dismiss Discovery*, MOTION for Discovery , MOTION to Stay *and Dismiss Discovery* by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document DEFENSE DISCOVERY REQUEST)(Dixon, Cesca) (Entered: 08/08/2023) |
| 08/09/2023 | 56 | ORDER REFERRING MOTION:<br><br>55 First MOTION for More Definite Statement *To Stay and Dismiss Discovery* MOTION for Discovery MOTION to Stay *and Dismiss Discovery* filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 8/9/2023. Text Only Entry (rmrja) (Entered: 08/09/2023) |
| 08/09/2023 | 57 | ORDER denying 55 Motion to Stay and Dismiss Defense Discovery Until Close of Summary Judgment Matter and Defense Motion to Dismiss (the "Motion"). To the extent the Motion seeks to object to Defendants discovery request, the parties are directed to follow this Court's discovery dispute procedures. See Civil Practice Standards Section IV. Plaintiff is REMINDED of her duty pursuant to D.C.COLO.LCivR 7.1(a) to confer or make reasonable, good faith efforts to confer with any opposing counsel to resolve any disputed matter and describe in the motion the specific efforts to fulfill this duty. SO ORDERED, by Magistrate Judge Scott T. Varholak on 08/09/2023. Text Only Entry(stvlc5, ) (Entered: 08/09/2023) |
| 08/14/2023 | 58 | REPLY to Response to 47 Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document DEFENSE DISCLOSURES, # 2 Continuation of Main Document PLAINTIFFS DISCLOSURES, # 3 Continuation of Main Document PLAINTIFF EMAIL OF DISCLOSURES)(Dixon, Cesca) (Entered: 08/14/2023) |
| 08/14/2023 | 59 | SURREPLY re 47 Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document EMAILS)(Dixon, Cesca) (Entered: 08/14/2023) |
| 08/14/2023 | 60 | Exhibits to 47 Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT* filed by Plaintiff Cesca Dixon. (Dixon, Cesca) Modified on 8/18/2023 to correct event type and title (angar, ). (Entered: 08/14/2023) |
| 08/17/2023 | 61 | MOTION for Leave to Appear *VIRTUALLY OR BY PHONE FOR HEARING 8/22/23* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/17/2023) |
| 08/17/2023 | 62 | ORDER REFERRING MOTION:<br><br>61 MOTION for Leave to Appear *VIRTUALLY OR BY PHONE FOR HEARING 8/22/23* filed by Cesca Dixon. |

| | | |
|---|---|---|
| | | Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 8/17/2023. Text Only Entry (rmrja) (Entered: 08/17/2023) |
| 08/18/2023 | 63 | ORDER granting 61 Motion for Leave to Appear by Phone. The parties may participate in the Motion Hearing set for 8/22/23 telephonically by calling 888.808.6929 at the scheduled time and utilizing access code: 2805116#. The Court notes that the parties may hear the conclusion of a prior hearing at the time they call in, and are instructed to simply wait until their case is called. SO ORDERED, by Magistrate Judge Scott T. Varholak on 8/18/23. Text Only Entry(stvlc5, ) (Entered: 08/18/2023) |
| 08/18/2023 | 64 | STATEMENT *of Undisputed Facts* by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Statement of Facts − Chart)(Zippin, Angela) (Entered: 08/18/2023) |
| 08/18/2023 | 65 | STATEMENT re 47 Proposed MOTION for Summary Judgment *PERMISSION TO FILE EARLY SUMMARY JUDGEMENT*, 53 Response to Motion, *of Purported Undisputed Facts* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/18/2023) |
| 08/22/2023 | 66 | MINUTE ENTRY for Telephonic Motion Hearing held before Magistrate Judge Scott T. Varholak on 8/22/2023. ORDERED: Plaintiffs Motion to File for Early Summary Judgement 47 is DENIED without prejudice to refiling pursuant to JudgeRodriguezs Practice Standards. FTR: A402. (morti, ) (Entered: 08/22/2023) |
| 09/08/2023 | 67 | TRANSCRIPT of TELEPHONIC MOTION HEARING held on 08/22/2023 before Magistrate Judge Varholak. Pages: 1−9. Prepared by: AB Litigation Services. **NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 09/08/2023) |
| 09/25/2023 | 68 | MINUTE ORDER Pursuant to the request of the parties, a Discovery Hearing in this Matter is set for 9/28/2023 11:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. On or before 9/27/2023 at 5:00PM, the parties shall submit via email to varholak_chambers@cod.uscourts.gov a brief joint statement setting forth the issues to be resolved by the Court and the parties' respective positions on each issue. SO ORDERED, by Magistrate Judge Scott T. Varholak on 9/25/2023. Text Only Entry (stvlc4, ) (Entered: 09/25/2023) |
| 09/28/2023 | 69 | This matter is before the Court sua sponte. Due to a conflict in the Court's schedule, the Discovery Hearing set for 9/28/2023 at 11:00 AM is VACATED and RESET for 9/28/2023 at 11:30AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 09/28/2023. Text Only Entry (stvlc5, ) (Entered: 09/28/2023) |
| 09/28/2023 | 70 | MINUTE ENTRY for Telephonic Discovery Hearing held before Magistrate Judge Scott T. Varholak on 9/28/2023. FTR: A402. (morti, ) (Entered: 09/28/2023) |

| | | |
|---|---|---|
| 10/04/2023 | 71 | TRANSCRIPT of TELEPHONIC DISCOVERY HEARING held on 09/28/2023 before Magistrate Judge Varholak. Pages: 1−12. Prepared by: AB Litigation Services. **NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 10/04/2023) |
| 10/15/2023 | 72 | First MOTION for Protective Order by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document Draft of Protective Order)(Dixon, Cesca) (Entered: 10/15/2023) |
| 10/16/2023 | 73 | ORDER REFERRING MOTION:<br><br>72 First MOTION for Protective Order filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 10/16/2023. Text Only Entry (rmrja) (Entered: 10/16/2023) |
| 10/16/2023 | 74 | ORDER granting 72 Stipulated Motion for Protective Order. The Court will enter the protective order proposed by the parties. SO ORDERED, by Magistrate Judge Scott T. Varholak on 10/16/2023. Text Only Entry(stvlc5, ) (Entered: 10/16/2023) |
| 10/16/2023 | 75 | STIPULATED PROTECTIVE ORDER. By Magistrate Judge Scott T. Varholak on 10/16/2023. (schap, ) (Entered: 10/16/2023) |
| 10/16/2023 | 76 | RESTRICTED DOCUMENT − Level 1: REPLY to 70 Discovery Hearing by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document Interrogatories 3,4,5, # 2 Continuation of Main Document Interrogatory 7, # 3 Continuation of Main Document Requests For Admission)(Dixon, Cesca) Modified on 10/17/2023 to restrict documents per chamber's request (schap, ). (Entered: 10/16/2023) |
| 10/16/2023 | 77 | MINUTE ORDER This matter is before the Court on review of 76 Plaintiff's Reply (the "Filing"). The Filing, which was not filed in connection with any pending motion or matter before the Court, simply contains Plaintiff's responses to Defendant's discovery requests. These materials further appear to have been produced pursuant to a protective order. Upon review of the Filing, the Court determines that these materials are appropriate for restriction as, again, they do not relate to any pending motion before the Court and contain sensitive information. The Clerk of Court is therefore instructed to maintain Dkt Nos 76; 76−1; 76−2; and 76−3 under Level One restriction. The Court informs Plaintiff that future productions made in response to discovery requests are to be made directly to Defendant's counsel, and that these materials are not to be filed on the docket unless in connection with a motion before the Court. SO ORDERED, by Magistrate Judge Scott T. Varholak on 10/16/2023. Text Only Entry (stvlc4, ) (Entered: 10/16/2023) |
| 10/27/2023 | 78 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE. The Court respectfully RECOMMENDS that: (1) the Motion be **GRANTED** to the extent it |

| | | |
|---|---|---|
| | | seeks to dismiss Claim 2, but (2) **DENIED** to the extent it seeks to dismiss Claim 1. By Magistrate Judge Scott T. Varholak on 10/27/2023. (schap, ) (Entered: 10/27/2023) |
| 11/02/2023 | 79 | MOTION for Extension of Time to *Extend Discovery* by Defendant Board of Trustees of the Metropolitan Sate University of Denver Colorado. (Zippin, Angela) (Entered: 11/02/2023) |
| 11/02/2023 | 80 | ORDER REFERRING MOTION:<br><br>79 MOTION for Extension of Time to *Extend Discovery* filed by Board of Trustees of the Metropolitan Sate University of Denver Colorado.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 11/2/2023. Text Only Entry (rmrja) (Entered: 11/02/2023) |
| 11/02/2023 | 81 | MINUTE ORDER This matter is before the Court on 79 Defendant's Motion to Extend Discovery (the "Motion"). The Court sets the following expedited briefing schedule: Plaintiff shall file a Response to the Motion on or before 11/16/2023, and Defendant may then file a Reply on or before 11/23/2022. This Motion will be taken up at a Motion Hearing set for 11/30/2023 11:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 11/2/2023. Text Only Entry (stvlc5, ) (Entered: 11/02/2023) |
| 11/02/2023 | 82 | RESPONSE to 79 MOTION for Extension of Time to *Extend Discovery* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document 10/31/23 EMAILS, # 2 Continuation of Main Document 09/28/23 TRANSCRIPT)(Dixon, Cesca) (Entered: 11/02/2023) |
| 11/14/2023 | 83 | First MOTION for Extension of Time to *Extend Dispositive Motions Deadline* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 11/14/2023) |
| 11/14/2023 | 84 | ORDER REFERRING MOTION:<br><br>83 First MOTION for Extension of Time to *Extend Dispositive Motions Deadline* filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 11/14/2023. Text Only Entry (rmrja) (Entered: 11/14/2023) |
| 11/14/2023 | 85 | ORDER granting Plaintiff's 83 Motion for Extension of Time. For good cause shown, the dispositive motions deadline is EXTENDED to 12/4/2023. SO ORDERED, by Magistrate Judge Scott T. Varholak on 11/14/2023. Text Only Entry(stvlc5, ) (Entered: 11/14/2023) |
| 11/14/2023 | 86 | ORDER Adopting 78 Magistrate Judge's Recommendation; and Granting in Part 37 Motion to Dismiss to the extent that it seeks to dismiss Claim 2 and Denying in Part to the extent that it seeks to dismiss Claim 1 entered by Judge Regina M. Rodriguez on 11/14/2023.(kmyha) (Entered: 11/14/2023) |
| 11/22/2023 | 87 | REPLY to Response to 79 MOTION for Extension of Time to *Extend Discovery* filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Zippin, Angela) (Entered: 11/22/2023) |

| | | |
|---|---|---|
| 11/28/2023 | 88 | ANSWER to 36 Amended Complaint, by Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado.(Zippin, Angela) (Entered: 11/28/2023) |
| 11/30/2023 | 89 | MINUTE ENTRY for Telephonic Motion Hearing held before Magistrate Judge Scott T. Varholak on 11/30/2023. ORDERED: Defendant the Board of Trustees of Metropolitan State University of Denvers Motion to Extend Discovery 79 is GRANTED. The Discovery cut−off is extended to February 6, 2024. The DispositiveMotions deadline is extended to February 16, 2024. FTR: A402. (morti,) (Entered: 11/30/2023) |
| 12/11/2023 | 90 | Second MOTION for Protective Order by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 12/11/2023) |
| 12/11/2023 | 91 | Exhibits in Support of 90 Second MOTION for Protective Order by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 12/11/2023) |
| 12/11/2023 | 92 | ORDER REFERRING MOTION:<br><br>90 Second MOTION for Protective Order filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 12/11/2023. Text Only Entry (rmrja) (Entered: 12/11/2023) |
| 12/12/2023 | 93 | MINUTE ORDER This matter is before the Court on Plaintiff's 90 Motion for Order of Protection (the "Motion"). The Court sets the following expedited briefing schedule: Defendant shall respond to the Motion on or before 12/26/2023 and Plaintiff may then file a reply on or before 1/2/2024. A Motion Hearing is set for 1/11/2024 at 2:00 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 12/12/2023. Text Only Entry (stvlc5, ) (Entered: 12/12/2023) |
| 12/14/2023 | 94 | TRANSCRIPT of TELEPHONIC MOTION HEARING held on 11/30/2023 before Magistrate Judge Varholak. Pages: 1−7. Prepared by: AB Litigation Services.<br>**NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 12/14/2023) |
| 12/20/2023 | 95 | Second MOTION to Appoint Pro Bono Counsel by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 12/20/2023) |
| 12/21/2023 | 96 | ORDER REFERRING MOTION:<br><br>95 Second MOTION to Appoint Pro Bono Counsel filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 12/21/2023. Text Only Entry (rmrja) (Entered: 12/21/2023) |

| | | |
|---|---|---|
| 12/21/2023 | 97 | RESPONSE to 90 Second MOTION for Protective Order filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Zippin, Angela) (Entered: 12/21/2023) |
| 12/21/2023 | 98 | ORDER APPOINTING PRO BONO COUNSEL as to Cesca Dixon. The 95 Motion is **GRANTED**. By Magistrate Judge Scott T. Varholak on 12/21/2023. (schap, ) (Entered: 12/21/2023) |
| 12/26/2023 | 99 | REPLY to Response to 90 Second MOTION for Protective Order filed by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document DEPOSITION EMAILS, # 2 Continuation of Main Document DIAGNOSIS FROM BRIGHT FUTURES PSYCHIATRY)(Dixon, Cesca) (Entered: 12/26/2023) |
| 12/26/2023 | 100 | REPLY to Response to 90 Second MOTION for Protective Order *REFILING* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document DEPOSITION EMAILS, # 2 Continuation of Main Document DIAGNOSIS FROM BRIGHT FUTURES PSYCHIATRY, # 3 Continuation of Main Document DEPOSITION EMAIL)(Dixon, Cesca) (Entered: 12/26/2023) |
| 12/26/2023 | 101 | First MOTION to Quash *DEPOSITION* by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document DEPOSITION EMAILS, # 2 Continuation of Main Document DIAGNOSIS FROM BRIGHT FUTURES PSYCHIATRY)(Dixon, Cesca) (Entered: 12/26/2023) |
| 12/27/2023 | 102 | ORDER REFERRING MOTION:<br><br>101 First MOTION to Quash *DEPOSITION* filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 12/27/2023. Text Only Entry (kmyha) (Entered: 12/27/2023) |
| 12/28/2023 | 103 | MINUTE ORDER. This matter is before the Court on the First Motion to Quash Deposition [#101]. The Court will hear argument on the Motion during the currently scheduled January 11, 2024 motions hearing. Defendant may respond to the Motion by 1/8/2024. So Ordered by Magistrate Judge Scott T. Varholak on 12/28/2023. Text Only Entry (stv, ) (Entered: 12/28/2023) |
| 01/08/2024 | 104 | RESPONSE to 101 First MOTION to Quash *DEPOSITION* filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit A)(Zippin, Angela) (Entered: 01/08/2024) |
| 01/08/2024 | 105 | Exhibits in Support of 90 Second MOTION for Protective Order , 104 Response to Motion, 101 First MOTION to Quash *DEPOSITION*, 93 Minute Order,, by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 01/08/2024) |
| 01/11/2024 | 106 | MINUTE ENTRY for Motion Hearing held before Magistrate Judge Scott T. Varholak on 1/11/2024. ORDERED: The Motion for Order of Protection Under Rule FRCP 26b(5),(c)(1&4) 90 is DENIED. The Motion of Objection to Deposition 101 is DENIED. FTR: A402. (morti, ) (Entered: 01/11/2024) |
| 01/25/2024 | 107 | MOTION for Extension of Time to *Extend Discovery* by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit A)(Zippin, Angela) (Entered: 01/25/2024) |

| | | |
|---|---|---|
| 01/26/2024 | 108 | ORDER REFERRING MOTION:<br><br>107 MOTION for Extension of Time to *Extend Discovery* filed by Metropolitan State University of Denver Colorado, Board of Trustees of the Metropolitan Sate University of Denver Colorado.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 1/26/2024. Text Only Entry (rmrja) (Entered: 01/26/2024) |
| 01/26/2024 | 109 | MINUTE ORDER This matter is before the Court on Defendant's 107 Motion to Extend Discovery Deadlines (the "Motion"). The Court sets the following expedited briefing schedule: Plaintiff shall respond to the Motion on or before 2/9/2024 and Defendant may then file a reply on or before 2/16/2024. A Motion Hearing is set for 2/22/24 at 11:15 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 1/26/2024. Text Only Entry (stvlc5, ) (Entered: 01/26/2024) |
| 01/30/2024 | 110 | TRANSCRIPT of TELEPHONIC MOTION HEARING held on 01/11/2024 before Magistrate Judge Varholak. Pages: 1−8. Prepared by: AB Litigation Services. **NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 01/30/2024) |
| 02/09/2024 | 111 | RESPONSE to 107 MOTION for Extension of Time to *Extend Discovery* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit Initial Draft of Motion)(Dixon, Cesca) (Entered: 02/09/2024) |
| 02/16/2024 | 112 | REPLY to Response to 107 MOTION for Extension of Time to *Extend Discovery* filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Zippin, Angela) (Entered: 02/16/2024) |
| 02/22/2024 | 113 | NOTICE of Entry of Appearance *for Limited Representation* by Ronald Darrell Baker on behalf of Cesca DixonAttorney Ronald Darrell Baker added to party Cesca Dixon(pty:pla) (Baker, Ronald) (Entered: 02/22/2024) |
| 02/22/2024 | 114 | MINUTE ENTRY for Telephonic Motion Hearing held before Magistrate Judge Scott T. Varholak on 2/22/2024. ORDERED: Defendant Board of Trustees of the Metropolitan State University of Denver, Colorados Motion to Extend Discovery Deadlines 107 is GRANTED. The Discovery cutoff is extended to June 6,2024. The Dispositive Motion Notice deadline is extended to June 17,2024. If the parties reach a settlement in this case, they shall notify the court. FTR: A402. (morti, ) (Entered: 02/22/2024) |
| 02/29/2024 | 115 | TRANSCRIPT of TELEPHONIC MOTION HEARING held on 02/22/2024 before Magistrate Judge Varholak. Pages: 1−5. Prepared by: AB Litigation Services. **NOTICE − REDACTION OF TRANSCRIPTS: Within seven calendar days of** |

| | | |
|---|---|---|
| | | **this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 02/29/2024) |
| 05/22/2024 | 116 | MINUTE ORDER This matter is before the Court upon an email received from Plaintiff. Plaintiff states that the parties have completed an unsuccessful mediation, and requests a settlement conference before this Court. Plaintiff notes that Defendant is opposed to Plaintiff's request for a settlement conference at this time, as there was a significant distance between the parties' positions at the unsuccessful mediation. The Court is aware that judicially−ordered Settlement Conferences impose significant time and resource burdens on both the parties and the Court. In light of Defendant's opposition to Plaintiff's request for a Settlement Conference, and in the interest of preserving judicial and party resources and time, the Court declines to set a Settlement Conference at this time. The parties are encouraged to continue to discuss settlement amongst themselves, and jointly inform the Court if both parties agree that a settlement conference would be productive in the future. SO ORDERED, by Magistrate Judge Scott T. Varholak on 5/22/2024. Text Only Entry (stvlc4, ) (Entered: 05/22/2024) |
| 05/28/2024 | 117 | MOTION to Withdraw as Attorney *for Limited Representation* by Plaintiff Cesca Dixon. (Baker, Ronald) (Entered: 05/28/2024) |
| 05/30/2024 | 118 | ORDER granting 117 Motion to Withdraw as Attorney. Pursuant to D.C.COLO.LAttyR 5(b), and completion of his limited representation, attorney Ronald Darrell Baker is permitted to withdraw as counsel for Plaintiff. After docketing this Order and emailing the NEF, the Clerk of Court shall remove Attorney Baker's information from the case caption and from the electronic notification system for this civil action. Should Plaintiff retain new counsel, that new counsel has until one month to file a notice of appearance. In the meantime, Plaintiff shall file a notice with the Clerk of Court with her current mailing address and other contact information. Maintaining contact information with the Clerk of Court is essential to staying up−to−date with case developments and receiving court orders. All previously scheduled deadlines set in this matter remain in full force and effect. SO ORDERED by Judge Regina M. Rodriguez on 5/30/2024. Text Only Entry(rmrja) (Entered: 05/30/2024) |
| 05/30/2024 | 119 | Exhibits in Support *of all of Plaintiff's Claims* by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit ENGLAND UNIVERSITY ACCOMMODATIONS, # 2 Exhibit ALL ACCOMMODATIONS TERMINATED 2023)(Dixon, Cesca) (Entered: 05/30/2024) |
| 06/12/2024 | 120 | LETTER *Evidence of Plaintiff's Accommodation Requirement* by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document Dr. Rabinovich Email, # 2 Continuation of Main Document Administrative Withdrawal Letter From Dr. Rabinovich)(Dixon, Cesca) (Entered: 06/12/2024) |
| 06/20/2024 | 121 | **"VACATED"** − ORDER. Pursuant to Judge Rodriguez's Standing Order Regarding Rule 56 Motions, the parties notified this Court of their intent to file motions for |

| | | |
|---|---|---|
| | | summary judgment. Accordingly, a Hearing on Intent to File Motion for Summary Judgment is set for 7/3/2024 at 1:00 PM in Courtroom A 901 before Judge Regina M. Rodriguez. The parties are DIRECTED to review and comply with the Hearing Requirements. SO ORDERED by Judge Regina M. Rodriguez on 6/20/2024. Text Only Entry (rmrja) Modified on 6/25/2024 to vacate per 124 ORDER(dgumb, ). (Entered: 06/20/2024) |
| 06/21/2024 | 122 | First MOTION for Leave to Appear *VIA TELEPHONE* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 06/21/2024) |
| 06/25/2024 | 123 | Exhibits in Support of 119 Exhibits *2024 MSU ALL MTH Online changed to Asynchronous* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 06/25/2024) |
| 06/25/2024 | 124 | ORDER VACATING 121 Order Setting Intent to File Motion for Summary Judgment Hearing. Plaintiff is a pro se party in this action. On February 22, 2024, attorney Ronald D. Baker entered his appearance on behalf of Plaintiff *for the limited purpose of representing the Plaintiff in Mediation* (ECF No. 113 at 1). Subsequently on that same date, Magistrate Judge Varholak held a telephonic motion hearing extending the Dispositive Motion Notice deadline to June 17, 2024. ECF No. 114. Shortly thereafter, on May 22, 2024, the parties notified the Court that they had completed an unsuccessful mediation 116 . On May 28, 2024, attorney Ronald D. Baker filed a Motion to Withdraw as Counsel for Plaintiff, which was granted on May 30, 2024. ECF Nos. 117 118 . Due to an oversight by the Court, and after communications with the parties, Judge Rodriguez set this matter for an Intent to File Motion for Summary Judgment Hearing, inconsistent with her Standing Order Regarding Rule 56 Motions, Section II.A.2. Accordingly, the Hearing on Intent to File Motion for Summary Judgment set for July 3, 2024, is VACATED. The parties are DIRECTED to contact Magistrate Judge Varholak's Chambers for further instruction. FURTHER, Plaintiff's 122 Motion for Leave to Appear Via Telephone at Hearing is deemed MOOT. SO ORDERED by Judge Regina M. Rodriguez on 6/25/2024. Text Only Entry(rmrja) (Entered: 06/25/2024) |
| 06/25/2024 | 125 | MINUTE ORDER: This matter is before the Court pursuant to correspondence with the parties. In light of the Court's [#124] Order, the parties are excused from the requirement to file a notice of intent to file dispositive motions. Dispositive Motions are due 7/25/2024. SO ORDERED, by Magistrate Judge Scott T. Varholak on 6/25/2024. Text Only Entry (stvlc5, ) (Entered: 06/25/2024) |
| 06/26/2024 | 126 | ORDER. As a matter of clarification, the parties are directed follow the Uniform Practice Standards of the United States Magistrate Judges for summary judgment motions which can be found on the Court's website. SO ORDERED by Judge Regina M. Rodriguez on 6/26/2024. Text Only Entry (rmrja) (Entered: 06/26/2024) |
| 07/05/2024 | 127 | **STRICKEN** SUPPLEMENT/AMENDMENT *OF INTERROGATORY 3,4, AND 5* by Plaintiff Cesca Dixon. (Dixon, Cesca) Modified on 7/8/2024 to strike pursuant to the 128 Minute Order (schap, ). (Entered: 07/05/2024) |
| 07/08/2024 | 128 | MINUTE ORDER This matter is before the Court upon Plaintiff's 127 Discovery Responses. Pursuant to Fed. R. Civ. P. 5(d)(1)(A), "discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing." Accordingly, the 127 Discovery Responses are hereby STRICKEN from the record. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/8/2024. Text Only Entry (stvlc5, ) (Entered: 07/08/2024) |
| 07/17/2024 | 129 | |

| | | |
|---|---|---|
| | | Exhibits in Support of 120 Letter, *Additional Copy of Dr. Rabinovich Letter* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 07/17/2024) |
| 07/19/2024 | 130 | NOTICE re 98 Order Appointing Pro Bono Counsel. Pursuant to the order of the Court, the Clerk has executed the duties set forth in D.C.COLO.LAttyR 15(f)(2) to identify a member of the Pro Bono Panel to represent Plaintiff; however, despite these efforts, the Clerk has been unable to identify a member available and willing to accept this appointment. Accordingly, the Clerk hereby notifies the Court that counsel is unavailable for this pro bono appointment. Text Only Entry (adubo) (Entered: 07/19/2024) |
| 07/22/2024 | 131 | MOTION for Extension of Time to *file Defendant's Motion for Summary Judgment* by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Zippin, Angela) (Entered: 07/22/2024) |
| 07/23/2024 | 132 | ORDER REFERRING MOTION:<br><br>131 MOTION for Extension of Time to *file Defendant's Motion for Summary Judgment* filed by Metropolitan State University of Denver Colorado, Board of Trustees of the Metropolitan Sate University of Denver Colorado.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 7/23/2024. Text Only Entry (rmrja) (Entered: 07/23/2024) |
| 07/23/2024 | 133 | MINUTE ORDER This matter is before the Court on Defendant's 131 Opposed Motion for Extension of Time to File Summary Judgment Motion. The Court sets the following expedited briefing schedule: Plaintiff shall file a Response to the Motion on or before 7/30/2024. No further briefing is required. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/23/2024. Text Only Entry (stvlc5, ) (Entered: 07/23/2024) |
| 07/24/2024 | 134 | Exhibits in Support of 42 Response to Motion, *COMPLETE TRANSCRIPT OF RASHEED PHONE CALL WITH JENNIFER DIXON AND PLAINTIFF* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 07/24/2024) |
| 07/25/2024 | 135 | First MOTION for Summary Judgment *ON CLAIMS 1A AND 1B* by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document SEPERATE CHART OF FACTS, # 2 Continuation of Main Document DECLARATIONS)(Dixon, Cesca) (Entered: 07/25/2024) |
| 07/26/2024 | 136 | RESPONSE to 131 MOTION for Extension of Time to *file Defendant's Motion for Summary Judgment* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Continuation of Main Document PARTY EMAILS, # 2 Continuation of Main Document PARTY EMAILS)(Dixon, Cesca) (Entered: 07/26/2024) |
| 07/29/2024 | 137 | ORDER granting Defendant's 131 Opposed Motion for Extension of time to File Summary Judgment Motion. For good cause shown, Defendant is granted a four−week extension, up to and including August 22, 2024, to file a summary judgment motion. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/29/2024. Text Only Entry(stvlc5, ) (Entered: 07/29/2024) |
| 08/09/2024 | 138 | ORDER REFERRING MOTION: |

| | | |
|---|---|---|
| | | 135 First MOTION for Summary Judgment *ON CLAIMS 1A AND 1B* filed by Cesca Dixon.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 8/9/2024. Text Only Entry (rmrja) (Entered: 08/09/2024) |
| 08/15/2024 | 139 | RESPONSE to 135 First MOTION for Summary Judgment *ON CLAIMS 1A AND 1B* filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit Summary Judgment Chart − Def's Additions, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L.1, # 14 Exhibit L.2, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R)(Worthington, Matthew) (Entered: 08/15/2024) |
| 08/19/2024 | 140 | Conventionally Submitted Material : One flash drive to Response to First Motion for Summary Judgment 139 , by Defendant Board of Trustees of the Metropolitan Sate University of Denver Colorado. Located in Box A−2−1. Text Only Entry. (ccuen, ) (Entered: 08/20/2024) |
| 08/20/2024 | 141 | Exhibits in Support *of Plaintiff's First Motion for Summary Judgment* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/20/2024) |
| 08/20/2024 | 142 | Exhibits in Support of 141 Exhibits by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/20/2024) |
| 08/22/2024 | 143 | MOTION for Summary Judgment by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F−1, # 7 Exhibit F−2, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Defendant's Statement of Undisputed Facts − Chart)(Zippin, Angela) (Entered: 08/22/2024) |
| 08/23/2024 | 144 | ORDER REFERRING MOTION:<br><br>143 MOTION for Summary Judgment filed by Metropolitan State University of Denver Colorado, Board of Trustees of the Metropolitan Sate University of Denver Colorado.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 8/23/2024. Text Only Entry (rmrja) (Entered: 08/23/2024) |
| 08/23/2024 | 145 | Exhibits in Support *of Plaintiffs upcoming Reply to Defense's Summary Judgment Chart* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/23/2024) |
| 08/26/2024 | 146 | Exhibits in Support of 141 Exhibits *Plaintiff's Full Diagnosis* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/26/2024) |
| 08/28/2024 | 147 | Exhibits in Support of 142 Exhibits by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/28/2024) |
| 08/28/2024 | 148 | Exhibits in Support of 142 Exhibits *DEFENSE EMAIL DISCLOSURES* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/28/2024) |
| 08/28/2024 | 149 | |

| | | |
|---|---|---|
| | | Exhibits in Support of 142 Exhibits by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/28/2024) |
| 08/28/2024 | 150 | Exhibits in Support of 142 Exhibits *Plaintiff's Deposition Transcripts* by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit Cesca Dixon Deposition 2)(Dixon, Cesca) (Entered: 08/28/2024) |
| 08/28/2024 | 151 | RESPONSE to 139 Response to Motion,, *Plaintiff's Response to Defense Responses on Summary Judgment Chart* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 08/28/2024) |
| 09/03/2024 | 152 | Conventionally Submitted Material: One Flash drive to 143 MOTION for Summary Judgment . Located in Clerk's Office Box A−2−9. Text Only Entry. (ccuen, ) (Entered: 09/03/2024) |
| 09/03/2024 | 154 | Conventionally Submitted Material : USB Drive to 153 Response by Plaintiff Cesca Dixon. Located in Clerk's Office Box A−2−9. Text Only Entry. (ccuen, ) Modified to edit docket text on 9/5/2024 (ccuen, ). (Entered: 09/05/2024) |
| 09/04/2024 | 153 | RESPONSE to 143 MOTION for Summary Judgment *Plaintiff's Response to Defense Motion for Summary Judgment Chart* filed by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit Dr. McKenna Class 2021, # 2 Conventionally Submitted Dr. Poole Differential Equations 2021)(Dixon, Cesca) (Entered: 09/04/2024) |
| 09/12/2024 | 155 | NOTICE of Entry of Appearance by Robert Warren Beck on behalf of All Defendants Attorney Robert Warren Beck added to party Board of Trustees of the Metropolitan Sate University of Denver Colorado(pty:dft), Attorney Robert Warren Beck added to party Metropolitan State University of Denver Colorado(pty:dft) (Beck, Robert) (Entered: 09/12/2024) |
| 09/16/2024 | 156 | MOTION to Withdraw as Attorney by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Worthington, Matthew) (Entered: 09/16/2024) |
| 09/17/2024 | 157 | ORDER REFERRING MOTION:<br><br>156 MOTION to Withdraw as Attorney filed by Metropolitan State University of Denver Colorado, Board of Trustees of the Metropolitan Sate University of Denver Colorado.<br><br>Motion referred to Magistrate Judge Scott T. Varholak by Judge Regina M. Rodriguez on 9/17/2024. Text Only Entry (rmrja) (Entered: 09/17/2024) |
| 09/18/2024 | 158 | ORDER granting 156 Motion to Withdraw as Counsel of Record. Assistant Attorney General Matthew Worthington is relieved of any further representation of Defendant The Board of Trustees of Metropolitan State University of Denver. The Clerk of Court is instructed to terminate Attorney Worthington as counsel of record, and to remove their name from the electronic certificate of mailing. Defendant shall continue to be represented by Attorneys Angela Zippin and Warren Beck. SO ORDERED, by Magistrate Judge Scott T. Varholak on 9/18/2024. Text Only Entry(stvlc5, ) (Entered: 09/18/2024) |
| 09/18/2024 | 159 | REPLY to Response to 143 MOTION for Summary Judgment filed by Defendants Board of Trustees of the Metropolitan Sate University of Denver Colorado, Metropolitan State University of Denver Colorado. (Attachments: # 1 Exhibit A, M. |

| | | |
|---|---|---|
| | | Cermak Declaration)(Beck, Robert) (Entered: 09/18/2024) |
| 10/16/2024 | 160 | REASSIGNING MAGISTRATE JUDGE: This action is reassigned to Magistrate Judge Timothy P. O'Hara upon his appointment. All future pleadings should be designated as 23−cv−00606−RMR−STV. Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge O'Hara in Courtroom C−402. His chambers are located in Room C−452 of the Byron G. Rogers Courthouse. His telephone number is 303−335−2740. Motions referred to Magistrate Judge Timothy P. O'Hara: 135 First MOTION for Summary Judgment *ON CLAIMS 1A AND 1B* and 143 MOTION for Summary Judgment . (Text only entry) (cpear) (Entered: 10/16/2024) |
| 02/24/2025 | 161 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE By Magistrate Judge Timothy P. O'Hara on 02/24/2025. Accordingly, the Court respectfully recommends as follows: Defendant's Motion for Summary Judgment [ECF 143 ] be GRANTED in full and that summary judgment be entered in Defendant's favor on all of Plaintiff's ADA and RehabilitationAct claims. Plaintiff's Motion for Summary Judgment [ECF 135 ] be DENIED. Because no claims remain, this Court recommends that this case be closed. (ggill, ) (Entered: 02/24/2025) |
| 03/10/2025 | 162 | OBJECTION to 161 Report and Recommendations filed by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 03/10/2025) |
| 03/10/2025 | 163 | First MOTION to Disqualify by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 03/10/2025) |
| 03/19/2025 | 164 | ORDER. Denying 163 Motion for Disqualification; Overruling Plaintiff's Objection 162 ; Accepting and Adopting the 161 Recommendation of the United States Magistrate Judge; Granting Defendants Motion for Summary Judgment 143 ; and Denying Plaintiffs Motion for Summary Judgment 135 . By Judge Regina M. Rodriguez on 3/19/2025.(kmyha) (Entered: 03/19/2025) |
| 03/31/2025 | 165 | First MOTION for Judgment as a Matter of Law by Plaintiff Cesca Dixon. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Dixon, Cesca) (Entered: 03/31/2025) |
| 04/17/2025 | 166 | FINAL JUDGMENT re: 164 Order entered by Clerk on 4/17/2025. (kmyha) (Entered: 04/17/2025) |
| 04/21/2025 | 167 | RESPONSE to 165 First MOTION for Judgment as a Matter of Law filed by Defendant Board of Trustees of the Metropolitan Sate University of Denver Colorado. (Zippin, Angela) (Entered: 04/21/2025) |
| 04/23/2025 | 168 | REPLY to Response to 165 First MOTION for Judgment as a Matter of Law filed by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 04/23/2025) |
| 03/20/2026 | 169 | ORDER. Plaintiff's Motion 165 , asking the Court for Judgement as A Matter of Law Pursuant to FRCP 50 (a) (B) and Joint Motion Pursuant to FRCP 59, which the Court has treated as a motion for reconsideration or relief from an order under Rule 60, is DENIED by Judge Regina M. Rodriguez on 3/20/2026. For all non−e−filer *pro se* parties, a copy of this document has been sent via U.S. Mail to the mailing address of record.(kmyha) (Entered: 03/20/2026) |
| 04/14/2026 | 170 | NOTICE OF APPEAL to FEDERAL CIRCUIT as to 169 Order on Motion for Judgment as a Matter of Law, by Plaintiff Cesca Dixon (Dixon, Cesca) (Entered: 04/14/2026) |

| | | |
|---|---|---|
| 04/14/2026 | 171 | First MOTION for Extension of Time to *File Appeal* by Plaintiff Cesca Dixon. (Dixon, Cesca) (Entered: 04/14/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-CV-00606-RMR-TPO

CESCA DIXON ,

Plaintiff(s),

v.

BOARD OF TRUSTEES OF METROPOLITAN
STATE UNIVERSITY OF COLORADO,

Defendant(s).

---

## NOTICE OF APPEAL FROM FINAL JUDGMENT

---

CESCA DIXON appeal(s) to the United States Court of Appeals for the Tenth Circuit from the final judgment entered on March 20, 2026.

Dated April 14, 2026 .



Signature

Cesca Dixon

Printed Name

1165 S. Broadway, Apt. 215

Street Address

Denver, Colorado 80210

City State Zip

720.357.1960

Telephone Number

*Rev. 12/2021*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 23-cv-00606-RMR-TPO

CESCA DIXON,

Plaintiff,

v.

THE BOARD OF TRUSTEES OF THE METROPOLITAN STATE UNIVERSITY OF DENVER COLORADO,

Defendant.

---

**ORDER**

---

Before the Court is Defendant's "Motion for Judgement as a Matter of Law Pursuant to FRCP 50(a)(b) and Joint Request Pursuant to FRCP 59 2-3 (FRCP 59 Motion Attached" (the "Motion"). ECF No. 165 at 1. Plaintiff alleges discrimination (deliberate indifference) and failure to accommodate under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") against Metropolitan State University ("MSU" or "Defendant") because MSU would not accommodate her disability by allowing her to complete her degree in Applied Mathematics remotely. In a well-reasoned Recommendation, Magistrate Judge Timothy P. O'Hara recommended that the Court grant MSU's motion for summary judgment and enter summary judgment in MSU's favor on all of Plaintiff's claims. ECF No. 161. On March 19, 2025, the Court adopted Magistrate Judge O'Hara's recommendation, ECF No. 164, and final judgment was entered on April

Case 1:23-cv-00606-RMR-TPO Document 164 Filed 03/20/26 Page 2 of 11

17, 2025. After the Court issued its order on the parties' motions for summary judgment, but before summary judgment was issued, Plaintiff filed her Motion on March 31, 2025. Plaintiff is seeking "Judgement as A Matter of Law on all her claims in the case, and [to be] awarded the $700,000 she is seeking in compensatory damages." ECF No. 165 at 2. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I. LEGAL STANDARD

### A. Review of a Pro Se Litigant's Filings

Plaintiff proceeds in this matter pro se. Where a party proceeds pro se, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also* *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority,'" "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B. Fed. R. Civ. P. 50**

"No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). "Arguments presented in a Rule 50(b) motion cannot be considered if not initially asserted in a Rule 50(a) motion." *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017).

**C. Motion to Reconsider**

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

**D. Fed. R. Civ. P. 59(e) and 60**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "[A] motion to reconsider filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion." *Servants of Paraclete*, 204 F.3d at 1012.

Federal Rule of Civil Procedure 60(b) states that relief from a final judgment or order is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete*, 204 F.3d at 1009. A Rule 60(b) motion is generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012. Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

## II. ANALYSIS

The Court assumes familiarity with the facts and procedural history of this case as laid out in Magistrate Judge O'Hara's Recommendation on the parties' motions for summary judgment, ECF No. 161, and therefore, does not repeat them here unless necessary.

**A. Plaintiff's Response is Timely**

On April 21, 2025, Defendant filed a response in opposition to Plaintiff's Motion (the "Response"). ECF No. 167. In her reply, Plaintiff argues that Defendant's Response is untimely and was due April 15, 2025, and she asks that the Court strike the Defendant's untimely filing. ECF No. 168. Plaintiff does not cite a rule for her assertion that the Response was due in fourteen days. She may be pulling the rule from Rule 59(c), which allows an opposing party fourteen days to file opposing *affidavits* if a Rule 59 motion is based on *affidavits*. Fed. R. Civ. P. 59(c) (emphasis added). Here, the Motion is not based on affidavits. Rather, Local Rule 7.1(d) controls, which gives the responding party "21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response." D.C.COLO.LCivR 7.1(d). Defendant filed its response 21 days after the date of service of the Motion. Thus, Defendant's Response is timely and will not be stricken.

**B. Relief Under Fed. R. Civ. P. 50 is Not Appropriate**

Defendant is correct, Plaintiff's reliance on Rule 50 is not appropriate because there was no trial in this matter. ECF No. 167 at 2. This case was decided on the parties' motions for summary judgment. The purpose of a motion for summary judgment is to test whether a trial is required. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court granted summary judgment in favor of Defendant because it found that there was no genuine issue of material fact to be determined by a trier of fact. ECF No. 164. Rule 50 is only applicable if there is a trial. Plaintiff argues that Rule 50 applies "regardless of whether or not the case was presented to a jury." ECF No. 168 at 1 (citing

*Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008)). In *Maher*, the court granted in part a motion for summary judgment against the defendant, and the jury returned a verdict in favor of the defendant on the remaining claim. *Id.* at 821-823. Maher's Rule 50(b) claim failed on procedural grounds because he did not file a pre-judgment motion under Rule 50(a) challenging the sufficiency of evidence in a civil jury trial. *Id.* at 824. Maher does not stand for the proposition that Rule 50(a) and (b) "serves the purpose of raising a challenge as to the sufficiency of the evidence and protects the right to challenge sufficiency [ ] regardless of whether or not the case was presented to a jury" as Plaintiff asserts. ECF No. 168 at 1. Rule 50 may be used to address a "jury issue not decided by a verdict," but not to address a case that was never put before a jury. *See* Fed. R. Civ. P. 50(b).

**C. Plaintiff is Not Entitled to Relief**

Defendants also argue that Plaintiff's request under "Rule 59(e) should be denied because such a request was unripe." ECF No. 167 at 4. This is technically true. Rule 59(e) motions seek to alter or amend a judgment and "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff filed her motion on March 31, 2025, ECF No. 165, before final judgment was entered on April 17, 2025. However, as a pro se litigant, Plaintiff's pleading must be construed liberally. *See Trackwell*, 472 F.3d at 1243. A Rule 60 motion only needs to be "made within a reasonable time . . . of the judgment or order". Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's arguments are more appropriately analyzed under Rule 60(b), seeking relief from the Court's summary judgment order or as a motion to reconsider the Court's order granting summary judgment

in favor of the Defendant, rather than Rule 59(e). No matter how the Court construes Plaintiff's Motion, she is not entitled to relief under Rule 59(e), Rule 60, or a motion to reconsider.

Plaintiff does not provide any new evidence previously unavailable or point to an intervening change in controlling law. Plaintiff appears to argue that the Court misapprehended the facts and/or her position. In doing so, she requests that the Court revisit issues it has already addressed. For example, Plaintiff argues "[t]he defendants have provided no evidence nor facts that support their purported narrative that Plaintiff is not a qualified person with a disability." ECF No. 165 at 2. Both Magistrate Judge O'Hara's Recommendation and this Court's order granting summary judgment note that "Defendant does not contest Plaintiff is a qualified individual with a disability" and the "Court assumes that Plaintiff's [Autism Spectrum Disorder] and social anxiety meet the [ADA and Rehabilitation Act's] definition of disability." ECF Nos. 161 at 21-22; 164 at 14. Plaintiff also argues that "Defendants have not proven that Plaintiff had to exhaust administrative remedies." ECF No. 165 at 2. As Magistrate Judge O'Hara notes in a footnote, "Defendant raises no argument about whether Plaintiff had an obligation to administratively exhaust her request." ECF No. 161 at 17 n.10. Thus, the need for exhaustion did not weigh in the Court's analysis.

Plaintiff argues that Defendant has not proven that the documentation she provided is insufficient to "address how in-[person] classes would impact Plaintiff negatively." ECF No. 165 at 2. However, that is not the standard. It may be the case that Plaintiff "might benefit from virtual classes at school." ECF No. 165 at 4. The issue is

whether the requested accommodation, remote attendance, "(a) impose[s] undue hardship on the operation of the defendant's service, program, or activity, or (b) require[s] a fundamental or substantial modification to the nature of its academic program or standards." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 190 (2d Cir. 2015). The Court found that Plaintiff's requested accommodation "would create an undue hardship for the professors and fundamentally alter the math degree program as designed by Defendant." ECF No. 164 at 10. Plaintiff also argues that Defendant has not "proven that Plaintiff's request and situation relates to employment cases on any level." ECF No. 165 at 2. Magistrate Judge O'Hara notes "case law from the Title I ADA employment context can be applied to the Title II ADA educational context." ECF No. 161 at 22 (citing *McGuinness v. Univ. of N.M. Sch. of Medicine*, 170 F.3d 974, 978 (10th Cir. 1998)*; see also*, *Profita v. Regents of the Univ. of Colo*., 709 F. App'x 917(10th Cir. 2017); *Crane v. Utah Dep't. of Corrs.*, 15 F.4th 1296, 1314 (10th Cir. 2021)). Plaintiff does not provide support that the Court's use of an employment context in its analysis is an inappropriate application of the law.

Plaintiff seeks to strike "all the declarations supplied by defendants . . . due to being undermined by the incontrovertible evidence filed by Plaintiff." ECF No. 165 at 6-7. Magistrate Judge O'Hara found that the declarations of the professors in the mathematics department and the employees of the MSU Access Center "present[] evidence that adequate instruction depends on in-person participation." ECF No. 160 at 32. Plaintiff believes she has provided contradictory evidence to Defendant's assertion because she provided evidence that some of the same classes were taught remotely during the

extraordinary circumstances of the COVID-19 pandemic. As the Court noted in its order, “[a]n accommodation is not reasonable just because it is technically possible.” ECF No. 164 at 13. Plaintiff cannot strike a declaration because she disagrees with the content of the declaration. The Court addresses Plaintiff’s specific objection to Dr. Cermak’s declaration as untimely in its order. *Id.* 10-11. The Court held that it “would reach the same result even without Dr. Cermak’s declaration, as the evidence is sufficient even without her declaration to establish the denial was justified.” *Id.* at 11. In her Motion, Plaintiff again raises her argument that the Supreme Court’s decision in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) has been overruled by *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). She argues that Defendant was awarded deference based on “expert” opinions provided by the mathematics department professors in their declarations. ECF No. 165 at 7. The Court addressed this argument in its order on the motion for summary judgment, holding that the decision in *Loper Bright* did not change the Court’s analysis and that as “an academic institution, [MSU] is entitled to deference as to why the requested accommodation would fundamentally alter its math degree program.” ECF No. 164 at 8.

Plaintiff next complains about the process the Court used to rule on the parties’ motions for summary judgment. She argues that the rules were changed as the case was reassigned. She argues there were “[n]o charts, no open discussion between the parties with the Judge.” ECF no. 165 at 11. This Court does “schedule a conference with the parties to discuss the material facts and to determine whether there are disputes of any material facts” before filing a motion for summary judgment. *See* RMR’s Standing Order

Case 1:23-cv-00606-RMR-TPO Document 169 Filed 01/15/26 Page 10 of 11

Regarding Rule 56 Motions. Before the conference, the parties are required to jointly "file via CM/ECF a chart of undisputed material facts." *Id.* However, the Standing Order does not apply to unrepresented parties. *Id.* Plaintiff also argues she "was never informed/reminded that she could choose to consent/or not consent to Judge O'Hara as the magistrate for her summary judgment motion." ECF No. 165 at 11. That is not accurate. The parties did not consent to the exercise of jurisdiction by a United States Magistrate Judge. *See* ECF No. 20. However, that does not prevent the Article III Judge assigned to the case from referring the case to a Magistrate Judge 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b) for proposed findings of fact and recommendations for rulings on dispositive motions. This Court referred the parties' motions for summary judgments to the magistrate judge. Plaintiff could not decide whether to have Magistrate Judge O'Hara provide a recommendation for her motion for summary judgment.

Plaintiff is under the impression that, with the evidence she has presented, it would be impossible for a court to find that there was no triable issue here. This court has reviewed the evidence Plaintiff has provided three times now. First, by Magistrate Judge O'Hara in a thorough 50-page Recommendation. And twice by this Court. First, when the Court addressed Plaintiff's objections to the Recommendation in its order adopting Magistrate Judge O'Hara's Recommendation. And, now a second time, in addressing Plaintiff's current Motion. Plaintiff has not presented any additional evidence or argument that the Court has not already considered. Plaintiff has not demonstrated clear error or manifest injustice. After review of the Motion and the entire file, the Court finds that

Plaintiff failed to demonstrate some reason why the Court should reconsider and vacate the final judgment in favor of Defendant in this action.

## III. CONCLUSION

It is **ORDERED**, for the reasons stated above, that Plaintiff's Motion, asking the Court for "Judgement as A Matter of Law Pursuant to FRCP 50 (a) (B) and Joint Motion Pursuant to FRCP 59," which the Court has treated as a motion for reconsideration or relief from an order under Rule 60, is **DENIED**.

DATED: March 20, 2026

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
United States District Judge